UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT
No. 18-5665

_____

AMY JERRINE MISCHLER, *Pro Se*
*Plaintiff-Appellant*

v.

MATT BEVIN, ET. AL,
*Defendants-Appellees*

_____

On appeal from the United States District Court
for the Eastern District of Kentucky
Case No. 3:17-cv-66

_____

BRIEF OF APPELLEE
STITES & HARBISON PLLC

_____

Bethany A. Breetz
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY  40202-3352
Telephone:  (502) 587-3400

J. Clarke Keller
Katie M. Glass
STITES & HARBISON, PLLC
250 West Main Street, Suite 2300
Lexington, KY  40507-1758
Telephone:  (859) 226-2300

# Disclosure of Corporate Affiliations
## and Financial Interest

Sixth Circuit
Case Number: <u>18-5665</u>          Case Name: <u>Amy Mischler v. Matt Bevin, et al.</u>

Name of counsel: <u>Bethany A. Breetz, J. Clarke Keller, and Katie M. Glass</u>

Pursuant to 6th Cir. R. 26.1, Stites & Harbison PLLC makes the following disclosures:

1. Are said parties a subsidiary or affiliate of a publicly owned corporation?  If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:

| |
|---|
| No |

2. Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome?  If yes, list the identity of such corporation and the nature of the financial interest:

| |
|---|
| No |

Dated: October 30, 2018          <u>/s/ *Katie M. Glass*              </u>
Katie M. Glass
*Counsel for Appellee Stites & Harbison PLLC*

JURISDICTIONAL STATEMENT ..............................................................................1

STATEMENT OF THE ISSUES ................................................................................2

STATEMENT OF THE CASE ..................................................................................3

A.    Brief factual background. ..................................................................3

B.    The complaint. ....................................................................................4

      1.    Ms. Mischler's "cause of action" against Stites & Harbison PLLC .....4

      2.    Ms. Mischler's "facts" alleged against Stites & Harbison PLLC .........5

C.    Relevant procedural history ...............................................................6

SUMMARY OF THE ARGUMENT ........................................................................11

ARGUMENT ......................................................................................................13

A.    Standard of Review ..........................................................................13

B.    The district court properly dismissed the claim against Stites ......................13

      1.    Ms. Mischler's appeal as against Stites should be dismissed because she failed to argue that the district court improperly dismissed the claim against Stites under Rule 12(b)(6) .............................................15

      2.    The complaint failed to state a claim under Section 1983 against Stites. ....................................................................................................17

            a.    Stites is a private law firm, not a state actor ..............................18

            b.    Ms. Mischler failed to plead any factual allegations giving rise to a colorable violation of federal rights ..................................19

C.    Ms. Mischler lacks standing. ...........................................................25

D.    All claims against Stites occurring before August 24, 2016, were barred by the statute of limitations .................................................................29

E.    The district court also could have dismissed the complaint under Stites's other claimed defenses .........................................................................30

F.     Ms. Mischler is precluded from raising arguments and new requests for relief for the first time on appeal ...................................................................31

G.     The district court properly sanctioned Ms. Mischler by imposing pre-filing requirements .........................................................................................33

CONCLUSION ...........................................................................................................34

Cases

*ACLU v. Nat'l Sec. Agency,* 493 F.3d 644 (6th Cir. 2007), cert. denied, 552 U.S. 1179 (2008) ........................................................................................................26

*Arizona Christian School Tuition Organization v. Winn*, 563 U.S. 125 (2011) .....28

*Ark Encounter, LLC v. Stewart*, 311 F.R.D. 414 (E.D. Ky. 2015).........................28

*Ashcroft v. Iqbal,* 556 U.S. 662 (U.S. 2009)...............................................18, 19, 20

*Baker v. Carr*, 369 U.S. 186 (1962) .......................................................................26

*Baker v. Coombs*, 219 S.W.3d 204 (Ky. App. 2007) ..............................................22

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)...................................................19

*Bickel v. Mackie*, 447 F. Supp. 1376 (N.D.Iowa), *aff'd*, 590 F.2d 341 (8th Cir. 1978) .......................................................................................................................23

*Bonds v. Walton Verona Indep. Bd. of Educ.,* 2016 U.S. Dist. LEXIS 36071 (E.D. Ky. Feb. 12, 2016) ...................................................................................................18

*Brindley v. McCullen*, 61 F.3d 507, 509 (6th Cir. 1995)...................................16, 17

*City of Ashland v. Ashland F.O.P. No. 3, Inc.*, 888 S.W.2d 667 (Ky. 1994) ..........28

*Claybrook v. Birchwell*, 199 F.3d 350 (6th Cir. 2000)............................................25

*Collard v. Ky. Bd. of Nursing,* 896 F.2d 179 (6th Cir. 1990) .................................29

*Conservative Club of Washington v. Finkelstein*, 738 F.Supp. 6 (D.D.C. 1990)....23

*Cudejko v. Goldstein*, 22 F. App'x 484 (6th Cir. 2001)..........................................19

*Deshaney v. Winnebago County Dep't Soc. Serv.*, 489 U.S. 189 (1989)..............24

*Feathers v. Chevron U.S.A., Inc.*, 141 F. 3d 264 (6th Cir. 1998)..........................34

*Friedman v. Dozorc*, 312 N.W.2d 585 (Mich. 1981) .............................................22

*Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308 (1999) ..................................................................................................................32

*Hall v. Thompson*, 2016 U.S. Dist. LEXIS 163535 (W.D. Ky. 2016) ....................24

*Harps v. TRW Auto. U.S., LLC*, 2009 U.S. App. LEXIS 24242 (6th Cir. 2009) ....20

*Hassink v. Mottl*, 47 F. App'x 753 (6th Cir. 2002) ..................................................19

*Hill v. Willmott,* 561 S.W.2d 331 (Ky. App. 1978) ..................................................22

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .........................................25, 26

*McGoldrick v. Compagnie Generale Transatlantique*, 309 U.S. 430 (1940) .........33

*Mischler v. Clary*, No. 3:13-CV-26, 2016 U.S. Dist. LEXIS 90278 (E.D. Ky. July 11, 2016) ........................................................................................................3, 29

*Mischler v. Clary*, No. 16-6184, 2017 U.S. App. LEXIS 14319 (6th Cir. May 16, 2017) ..................................................................................................................4, 29

*Mischler v. Lambert*, No. 3:08-CV-231, 2008 U.S. Dist. LEXIS 71559 (W.D. 2008) ........................................................................................................................3

*Mischler v. Stevens*, No. 7:13-CV-8, 2014 U.S. Dist. LEXIS 48051 (E.D. Ky. Apr. 8, 2014) ...............................................................................................................3, 29

*Mischler v. Stevens*, No. 14-5567, 2015 U.S. App. LEXIS 23292 (6th Cir. Sep. 9, 2015) ..................................................................................................................4, 29

*Morrison v. Bd. of Educ. of Boyd County*, 521 F.3d 602 (6th Cir. 2008) ...............26

*Ortman v. Thomas*, 99 F. 3d 807 (6th Cir. 1996) ....................................................34

*Overstreet v. Lexington-Fayette Urban County Gov't,* 305 F.3d 566 (6th Cir. 2002) ......................................................................................................................32

*Patrick v. Croley,* 2013 U.S. Dist. LEXIS 134554 (E.D. Ky. Sep. 20, 2013).........23

*Polk Cty. v. Dodson*, 454 U.S. 312 (1981) ...............................................................18

*Raines v. Byrd,* 521 U.S. 811 (1997) .......................................................................26

*Rajapakse v. Baker Donelson Bearman Caldwell & Berkowitz, P.C.*, 2013 U.S. Dist. LEXIS 109361 (W.D. Tenn. Aug. 5, 2013).....................................................19

*Redding v. St. Eward*, 241 F.3d 530 (6th Cir. 2001) ...............................................17

*Reed-Rajapakse v. Baker Donelson Bearman Caldwell & Berkowitz,* 2013 U.S. Dist. LEXIS 109361 (W.D. Tenn. July 12, 2013) ........................................... 18-19

*Shehee v. Luttrell*, 199 F.3d 295 (6th Cir. 1999).....................................................18

*Spadafore v. Gardner*, 330 F.3d 849 (6th Cir. 2003) ........................................20, 21

*Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623 (6th Cir. 2013)..........................13

*In re Travel Agent Com'n Antitrust Lit.*, 583 F.3d 896 (6th Cir. 2009) ............20, 21

*United States v. Abdi*, 463 F.3d 547 (6th Cir. 2006) ................................................32

*United States v. Franco*, 318 F. App'x 411, 418 (6th Cir. 2009) ............................16

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.,* 454 U.S. 464 (1982)......................................................................................25, 26

*Warth v. Seldin*, 422 U.S. 490 (1975).....................................................................26

*West v. Atkins*, 487 U.S. 42 (1988) ........................................................................17

*Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th Cir. 1986)......................................16

Statutes and Rules

28 U.S.C. § 1291.........................................................................................................2

42 U.S.C. 1983...................................................................................................*passim*

Fed. R. Civ. P. 9(b) ..............................................................................................20, 22

Fed. R. Civ. P. 12(b)(6) ...............................................................1, 13, 15, 16, 25

Ky. SCR 3.130 ....................................................................................................23, 24

In August 2017, Amy Mischler, plaintiff/appellant, filed a complaint in the District Court for the Eastern District of Kentucky (Case No. 3:17-cv-66) and named 28 defendants, including the Governor, the Attorney General, a former Chief Justice of Kentucky, four state court judges or former judges, along with multiple executive branch and judicial branch officials and employees of the Commonwealth of Kentucky. In addition, Ms. Mischler also brought a Section 1983 action against Stites & Harbison PLLC ("Stites"), the law firm that successfully defended its clients against Ms. Mischler's claims in the Eastern District of Kentucky and in this Court in *Mischler v. Stevens, et al.,* No. 7:13-CV-8 (E.D. Ky.) ("*Mischler 2013A*")*,* affirmed by the Sixth Circuit in 2015; and *Mischler v. Clary, et al.,* No. 3:13-CV-26 (E.D. Ky.) ("*Mischler 2013B*")," affirmed by the Sixth Circuit in 2017.

Ms. Mischler's claims against Stites were limited to Count III of her complaint and rest on broad allegations that Stites "defrauded" Kentucky taxpayers by representing the judicial defendants in *Mischler 2013A* and *Mischler 2013B*. Based on a host of reasons, Stites moved to dismiss Ms. Mischler's complaint under Federal Rule of Civil Procedure 12(b)(6) in November 2017. (Doc. 14.) The district court granted Stites's and other defendants' motions to dismiss and dismissed the case on May 25, 2018. (Doc. 68.) Ms. Mischler timely filed her

1

Notice of Appeal on June 22, 2018.  (Doc. 69.)  This Court has jurisdiction under 28 U.S.C. § 1291 to review the district court's opinion.

### STATEMENT OF THE ISSUES

The issues on appeal addressed in this brief are:

(1)  Did the district court correctly determine that Ms. Mischler failed to state a claim against Stites under 42 U.S.C. 1983 because she failed to show Stites was a "person acting under the color of state law?"

(2)  Did Ms. Mischler fail to state a claim against Stites under Section 1983 when she failed to plead any allegations giving rise to a colorable violation of her civil rights?

(3)  Does Ms. Mischler lack standing to argue that Stites "defrauded Kentucky taxpayers  in the amount of $40,000" by taking no action upon alleged judicial misconduct during its representation of the Kentucky Supreme Court in *Mischler 2013A* and *Mischler 2013B*?

(4)  Are all claims against Stites occurring before August 24, 2016, time-barred?

(5)  Could the allegations in the complaint against Stites have been dismissed for any of the other reasons raised by Stites in the district court?

(6)  Is Ms. Mischler precluded from raising arguments for the first time on appeal?

(7) Did the district court properly impose sanctions in the form of pre-filing restrictions upon Ms. Mischler?

## STATEMENT OF THE CASE

**A.     Brief factual background.**

Ms. Mischler is a serial *pro se* litigant who repetitively files baseless and, as a result, unsuccessful civil actions against judicial officers of the Commonwealth of Kentucky.[1]  Those lawsuits all stem from a 16 year-old custody proceeding beginning in 2002 in Pike Circuit Court that Ms. Mischler failed to appeal.  Beginning in 2008,[2] she belatedly set sail on her now ten-year journey by filing multiple writ petitions in state courts and Section 1983 actions in federal courts.[3]

---

[1] Ms. Mischler has initiated no fewer than 13 actions in the Kentucky Court of Appeals, *see http://apps.courts.ky.gov/Appeals/COA_Dockets.shtm* and 10 actions in the Kentucky Supreme Court as a result of events occurring in 2002 in Pike County, Kentucky events and resulting 2002 and 2006 state court orders.  *See* http://apps.courts.ky.gov/supreme/sc_dockets.shtm.  She also filed three federal court actions, described below as *Mischler 2008*, *Mischler 2013A*, and *Mischler 2013B*, against different sets of Kentucky judicial officials.  Ms. Mischler was unsuccessful in her claims against the judicial officials in each of the concluded actions.

[2] Ms. Mischler filed 13 original actions in the Kentucky Court of Appeals against members of the judiciary.  Four remain pending.  Ten matter-of-right appeals were taken to the Supreme Court.  Four remain pending.

[3] *See Mischler v. Lambert*, No. 3:08-CV-231, 2008 U.S. Dist. LEXIS 71559 (W.D. Ky. 2008) ("*Mischler 2008*"); *Mischler v. Stevens*, No. 7:13-CV-8, 2014 U.S. Dist. LEXIS 48051 (E.D. Ky. Apr. 8, 2014) ("*Mischler 2013A*"); *Mischler v. Clary*, No. 3:13-CV-26, 2016 U.S. Dist. LEXIS 90278 (E.D. Ky. July 11, 2016) ("*Mischler 2013B*").

All of Ms. Mischler's attempts failed, and her four Section 1983 complaints, the action on appeal now before this Court being the most recent, were dismissed on a variety of grounds. The dismissals of the second and third of those cases were affirmed by this Court in *Mischler v. Stevens*, No. 14-5567, 2015 U.S. App. LEXIS 23292 (6th Cir. Sep. 9, 2015)("*Mischler 2015*"); and *Mischler v. Clary*, No. 16-6184, 2017 U.S. App. LEXIS 14319 (6th Cir. May 16, 2017)("*Mischler 2017*"); respectively. *See* Mem. in Support of Mtn to Dismiss, Doc. 14-1, PageID# 143-48 for a more detailed history.

Ms. Mischler has relentlessly pursued her baseless claims against an ever-expanding universe of governmental and non-governmental actors for more than 10 years. Now Ms. Mischler goes as far as to sue Stites, the private law firm that successfully represented the judicial defendants in *Mischler 2013A* and *Mischler 2013B* and the subsequent appeals (*Mischler 2015* and *Mischler 2017*).

**B.      The complaint.**

**1.      Ms. Mischler's "cause of action" against Stites & Harbison PLLC**

The complaint was "a civil action by the Plaintiff, pursuant to 42 U.S.C. Section 1983. . ." (Compl., Doc. 1, PageID# 5, ¶1.) Most of the counts of the complaint neither mention nor concern Stites. The complaint contained only one cause of action against Stites for "Civil Rights Violation: Constructive Termination of Parental Rights" in Count III. (*Id.,* PageID# 20, ¶76.) Ms. Mischler alleged that

4

Stites "knew that [Judge] Paxton had no jurisdiction in September 2002 and committed a felony but financially profited to the tune of $40,000 to represent" the judicial defendants in *Mischler 2013A* and *Mischler 2013B* and the subsequent appeals of those cases. (*Id.*) While Count V, entitled "INJUNCTIVE RELIEF," appeared to be aimed at Kentucky state actors and the Cabinet for Health and Family Services, it mentioned Stites but made no substantive claims against the firm. (*Id.*, PageID# 21, ¶¶80-81.)

2. **Ms. Mischler's "facts" alleged against Stites & Harbison PLLC**

Ms. Mischler made only the following "factual" allegations against Stites in her complaint:

- that the "Administrative Office of the Courts hired the law firm of Stites & Harbison PLLC to defend [against] Ms. Mischler's actions in Federal Court" (*id.*, PageID# 15, ¶43);

- that Stites knew "Ms. Mischler's parental rights were violated by state judicial actors but continued to defraud KY taxpayers in the amount of $40,000" and alleged that Stites "could get away" with such alleged fraud because of "the Beshear family influence" (*id.*, ¶44);

- that Stites was aware of the alleged criminal acts of state actors and took no action (*id.*, ¶45);

- that Stites knew that the Kentucky Supreme Court was "retaliating against Ms. Mischler by refusing to act on four cases from 2014" (*id.*, ¶46); and

- that Stites was aware that "the prior senior judge program allowed the Chief Justice to give bribes to senior judges to 'bury and obstruct' cases that involved judicial misconduct" (*id.*, ¶47).

Ms. Mischler made no other allegations against Stites in the "facts" section of her complaint.

**C.      Relevant procedural history**

Ms. Mischler filed the complaint on August 24, 2017.  (Doc. 1.)  On October 16, 2017, Ms. Mischler requested an extension of time to serve remaining defendants (Doc. 9), and she was granted 60 days to do so.  (Doc. 10).  Ms. Mischler filed returned summonses for defendants Andy Beshear, Matt Bevin, Sally Brenzel, Selena Woody Stevens, and Stites & Harbison PLLC within the 60-day period.  (Doc. 12.)  On November, 6, 2017, Ms. Mischler filed a motion "for order that pursuant to FRCP 4(e)(1) and KRCP 4.04(2) and (6) that all other defendants have been served."  (Doc. 13.)  That motion was denied (Doc. 25), and Ms. Mischler did not file returned summonses for any other defendants.

Between November 9, 2017, and November 14, 2017, motions to dismiss were subsequently filed by defendants Stites (Doc. 14); Sally Brenzel (Doc. 15, 17); Selena Woody Stevens (Doc. 16, 24); and Andy Beshear, Craig Newborn, and Jeffrey Prather (Doc. 19).  Ms. Mischler requested an extension of time to respond to those motions to dismiss (Doc. 23); Stites filed a notice stating it had no objection to an extension; and the court granted her until January 2, 2018, to file responses to those motions (Doc. 27).

Governor Matt Bevin and the "CHFS Defendants"[4] filed their motion to dismiss the claims against them in their official capacities, as well as a motion for sanctions against Ms. Mischler, on November 28, 2017. (Doc. 29, 30.) The CHFS Defendants later filed a motion to dismiss the claims against them in their individual capacities and a motion for sanctions. (Doc. 52, Doc. 53.) Stites joined the motion for sanctions against Ms. Mischler. (Doc. 32). Motions to dismiss were also later filed by Judge John David Preston and Judge Janie Wells (Doc. 43); and by retired Judge Julie Paxton, retired Judge Lewis Nicholls, and former Chief Justice Joseph Lambert (Doc. 49).

Ten days after the expiration of the 60-day extension Ms. Mischler was already granted to respond to the motions to dismiss (Doc. 14, 15, 16, and 19), Ms. Mischler filed another motion for extension of time "to address all motions to dismiss." (Doc. 39.) Ms. Mischler also filed a show cause motion (Doc. 37), which she moved to seal "to protect the public faith in the integrity of the Federal

---

[4] CHFS Deputy Secretary Timothy Feeley; CHFS Service Region Administrator Susan Howard; CHFS Service Region Administrator Associate Debra Wilcox-LeMaster; "Kentucky Social Worker" Kathy Larder; "Kentucky Social Worker" Deborah Webb; "Kentucky Social Worker" Shereena Hamilton-Spurlocke; "Kentucky Social Worker" Latoya Jones; "Kentucky Social Worker" Wilma Taylor; CHFS FSOS (Field Service Office Supervisor) Mike Hartlage; "Kentucky Social Worker" Gwen Hatfield; CHFS Deputy General Counsel Mona Womack; CHFS Internal Policy Analyst II Debbie Dile; former CHFS Regional Attorney Zack Ousley, named as the successor to David Adam; "Jane Doe"; unknown state employee Emily Gray-Jones.

Eastern District of Kentucky Court System." (Doc. 36.) In the show cause motion, Ms. Mischler accused Judge Van Tatenhove, the then-presiding judge, of various "mistakes of law" and "assumptions/mistakes of fact" in his prior orders, and accusing Judge Van Tatenhove of allowing a college intern to draft memorandum opinions and orders, which accusations were based solely upon said intern's LinkedIn page.[5] (Doc. 37.) Governor Bevin and the CHFS Defendants, Stites, and Sally Brenzel filed responses in opposition to Ms. Mischler's second request for an extension of time. (Doc. 40, 41, 44.) The court granted Ms. Mischler until January 17, 2018, to respond to all motions to dismiss. (Doc. 45.)

Despite being granted two extensions of time, Ms. Mischler never responded to a single motion to dismiss. Instead she turned her ire toward Judge Van Tatenhove. On, January 16, 2018, Ms. Mischler filed a motion requesting that Judge Van Tatenhove recuse, alleging that Judge Van Tatenhove was biased or prejudiced against her due to an alleged conflict of interest. (Doc. 50.) Ms. Mischler also filed a "Notice of Due Process Violation by Judge Van Tatenhove," in which she alleged that she was denied due process due to Judge Van Tatenhove's alleged conflict of interest. (Doc. 51.) Judge Van Tatenhove denied the recusal motion (Doc. 55), and on March 7, 2018, Ms. Mischler filed a notice of

---

[5] Stites cannot access Doc. 37 in the Court's electronic record, but Ms. Mischler mailed Stites a copy of the document.

appeal to this Court appealing the denial of the recusal motion (Doc. 56). Ms. Mischler still had not filed a response to any of the pending motions to dismiss. On March 28, 2018, Judge Van Tatenhove entered his Memorandum Opinion and Order dismissing all of the claims against all of the defendants and imposing sanctions against Ms. Mischler in the form of pre-filing restrictions. (Doc. 58.) On April 4, 2018, this Court dismissed the appeal of the denial of the recusal motion for lack of jurisdiction as it was not a final and appealable order.[6] (*Mischler v. Bevin, et al.*, Case No. 18-5249, Doc. 14.)

Then, on April 6, 2018, Judge Van Tatenhove recused, and the case was referred to Chief Judge Karen Caldwell for reassignment. (Doc. 61.) Ms. Mischler apparently then sent an email to Judge Caldwell stating: "I am writing this only to give Chief Judge Caldwell the opportunity to protect the public trust in the Eastern District of Kentucky Federal Courts so I don't have to make a public record at the Sixth Circuit Court of appeals [sic] of the following unethical and possibly criminal conduct," (Doc. 64, PageID# 721) which Chief Judge Caldwell ordered to be filed in the record of the case (Doc. 63). In the email, Ms. Mischler accused Judge Van Tatenhove of certain conflicts of interest, and demanded that all orders in her case be vacated, the sanctions against her be removed, and various other

---

[6] The Court also denied Ms. Mischler's subsequent Petition for an En Banc Rehearing in that case on July 5, 2018. (Doc. 20.)

relief, "*[t]o be done today* so I don't have to go notice the Sixth Circuit tomorrow about this causing an additional public record harming the courts [sic] reputation." (Doc. 64, PageID# 721 (emphasis original).)  Ms. Mischler signed-off by stating: "I am giving Chief Judge Caudill [sic] the opportunity to protect the reputation of the Eastern District of Kentucky and I will place this email in the pleading to the Sixth Circuit to let them know I gave you the chance to clean up this awful mess in your district without involving the Sixth."  (*Id.*)

The case was assigned to Judge Danny C. Reeves for all further proceedings on May 8, 2018.  (Doc. 66.)  After Ms. Mischler had still not responded to a single motion to dismiss for more than five months, Judge Reeves entered judgment in favor of the defendants on May 25, 2018, dismissing all of Ms. Mischler's claims, in their entirety, with prejudice, "[i]n accordance with the Memorandum Opinion and Order [of Judge Van Tatenhove] previously entered in this matter prior to transfer to the undersigned [Record No. 58]…"  (Doc. 68, PageID# 737.)

Ms. Mischler timely filed her notice of appeal as to Doc. 58 and Doc. 68 on June 22, 2018.  (Doc. 69.)  This Court ordered that the appeal be dismissed for want of prosecution on August 22, 2018, after Ms. Mischler failed to timely file her appellant's brief.  (Case No 18-5665, Doc. 12.)  The Court subsequently granted Ms. Mischler's motion to reinstate her appeal and allow her an extension of time to file a brief by October 1, 2018.  (*Id.,* Doc. 17, 19.)

## SUMMARY OF THE ARGUMENT

Simply put, Ms. Mischler failed to demonstrate that the district court erred. Ms. Mischler filed a complaint containing baseless unsupported allegations, premised upon the same facts baselessly pleaded in her prior three federal court suits against the same, or similar parties, which were all dismissed. She then failed to respond to any motion to dismiss, despite being granted two extensions of time to do so.

Against Stites, Ms. Mischler alleged only one claim, a Section 1983 violation. But Stites, a private law firm representing a state actor, is not a state actor itself for purposes of Section 1983. Notably, Ms. Mischler's Appellant's Brief fails to address the district court's dismissal of Stites because it was not a state actor, and she has therefore waived any argument she may have had against Stites. Moreover, even if Stites were a state actor, and it is not, Ms. Mischler's complaint was devoid of any well-pleaded allegations showing a colorable violation of her federal rights, which is also required to state a valid Section 1983 claim.

Ms. Mischler also lacks standing to make her claim against Stites here: she alleges Stites defrauded *Kentucky* taxpayers, while she admits in her complaint that she is a Florida resident. Even if she were a Kentucky resident, and she actually paid taxes in Kentucky, standing cannot be based on a plaintiff's mere status as a

11

taxpayer absent special circumstances.  Ms. Mischler failed to allege any special circumstances that could have shown standing to bring her claim against Stites.

As Ms. Mischler already knows (considering the three prior dismissals of Ms. Mischler's Section 1983 claims), Section 1983 claims are subject to a one-year statute of limitations in Kentucky.  Yet she persists in filing such actions against different state actors (and now the private law firm that represented some of them in her previous cases against them) based on the same facts that all stem from acts that began in 2002.

For those same reasons, Ms. Mischler's claims are also barred by claim and issue preclusion, as well as the *Rooker-Feldman* doctrine, as explained in Stites's motion and memorandum in support of dismissal before the district court.

Moreover, the Court should not consider the new (and also baseless) allegations and requests for relief contained in Ms. Mischler's brief.  She failed to raise these issues and requests for relief before the district court and has therefore waived them.

Finally, the record of this case and the three previous federal court actions Ms. Mischler filed against the same, or similar parties makes clear that the district court properly imposed sanctions against Ms. Mischler in the form of pre-filing restrictions.  Her history of frivolous and repetitive litigation warranted the sanctions.

**ARGUMENT**

**A.    Standard of Review**

Appellate courts "review de novo the district court's granting dismissal under Rule 12(b)(6)." *Top Flight Entm't, Ltd. v. Schuette*, 729 F.3d 623, 630 (6th Cir. 2013).  While Ms. Mischler fails to provide the Court with the applicable standard of review, the district court cited and applied the correct standards for review of dismissal under Rule 12(b)(6).  (*See* Doc. 58, PageID# 693.)  The law is well-settled that in reviewing for dismissal under Rule 12(b)(6), courts "accept all material allegations as true and construe them in the light most favorable to the non-moving party, but do not accept 'conclusory legal allegations that do not include specific facts necessary to establish the cause of action.'" *Top Flight*, 729 F.3d at 630 (citation omitted).  The district court cited the same standard in its Memorandum Opinion and Order.  (Doc. 58, PageID# 693.)

**B.    The district court properly dismissed the claim against Stites.**

Stites moved to dismiss Ms. Mischler's claims against it on multiple grounds:

1.    Ms. Mischler lacks standing to assert her claims.  (Doc. 14-1, PageID# 151-54.)

2.    Ms. Mischler's claims are barred by Kentucky's one-year statute of limitations for Section 1983 actions.  (*Id.* at PageID# 154.)

3.    Ms. Mischler's claims are barred by the doctrines of claim preclusion and issue preclusion.  (*Id.* at PageID# 155-58.)

13

4. Ms. Mischler's claims are barred by the *Rooker-Feldman* doctrine. (*Id.* at PageID# 158-60.)

5. Ms. Mischler failed to state a claim against Stites under Section 1983 because Stites, as a private law firm, is not 'a person acting under color of state law.' (*Id.* at PageID# 160-61.)

6. Ms. Mischler failed to state a claim against Stites under Section 1983 because the complaint is devoid of any factual allegations giving rise to a colorable violation of federal rights. (*Id.* at PageID# 161-66.)

(Motion and Mem. to Dismiss, Doc. 14, PageID# 138; Doc. 14-1, PageID# 151-66.)

Judge Van Tatenhove dismissed Count III, the only claim against Stites, in his Memorandum Opinion and Order (Doc. 58), which was later adopted in its entirety by Judge Reeves (Doc. 68), for only one of these reasons. The court held that, because Ms. Mischler brought the claim against Stites under Section 1983, she was required to "establish both that she was deprived of a right secured by the Constitution or the laws of the United States and that this deprivation of her rights was caused by a person acting under the color of state law." (Mem. Op. and Order, Doc. 58, PageID# 700 (internal quotations omitted).) But Stites "is a private law firm, not a government actor," and "[a] lawyer is not a state actor for purposes of § 1983, even if retained by state actors or appointed by government officials." (*Id.*, PageID# 700-701.) The court then dismissed the claims against Stites for failure to state a claim upon which relief could be granted because Stites was not a state actor for purposes of Section 1983.

14

**1. Ms. Mischler's appeal as against Stites should be dismissed because she failed to argue that the district court improperly dismissed the claim against Stites under Rule 12(b)(6).**

As an initial and important matter, Ms. Mischler's Notice of Appeal (Doc. 69) and Appellant's Brief failed to address the district court's dismissal of the claim against Stites under Rule 12(b)(6) in this case. In the Notice of Appeal, although not required to under the Federal Rules of Appellate Procedure, Ms. Mischler provides the Court with a myriad of reasons that she appealed the district court's orders. In that seven-page explanation, however, Ms. Mischler fails to mention Stites, her claim against it in the district court, or the district court's grant of dismissal of that claim under Rule 12(b)(6), at all. (Doc. 69.) Likewise, and more importantly, in her brief to this Court, Ms. Mischler fails to address the district court's grounds for dismissing Stites, and merely reiterates the claims in her complaint (while also adding some new claims and requests for relief). (Appellant's Brief, Doc. 18, p. 10 ¶ 4.F.11; p. 11 ¶ 4.F.12-13; p. 12 ¶ 4.F.15, 17; p.13 ¶ 4.F.18, 20; p. 22-23.) The only argument Ms. Mischler makes regarding the district court's order was that the district court failed to take as true some of the "factual" allegations made in the complaint. (*Id.*, p. 11 ¶ 4.F.12.) Ms. Mischler is tellingly silent on the district court's holding that Stites was not a state actor for purposes of a Section 1983 claim. What Ms. Mischler fails to recognize is that, even taking her allegations as true under the Rule 12(b)(6) standard, she still failed

15

to allege facts sufficient to make a Section 1983 claim against Stites—that Stites

was a state actor.  (Doc. 58, PageID# 701-702.)  Having failed to address the sole

grounds for Stites's dismissal, Ms. Mischler has waived the argument that the

district court erred in that regard, and her appeal of that portion of the district

court's order pertaining to the claim against Stites should be dismissed.  *Brindley v.*

*McCullen*, 61 F.3d 507, 509 (6th Cir. 1995).

In *Brindley*, the Court actually <u>dismissed</u> appellant's appeal regarding the

district court's failure to *sua sponte* sever a money damages issue from their

request for equitable relief because

> [appellants] failed to brief the issue adequately before
> this court.  This issue is not mentioned in either their
> main brief or their reply brief. Nor do they cite this court
> to *Feaster v. Miksch*, 846 F.2d 21, 22 (6th Cir.), *cert.*
> *denied*, 488 U.S. 857, 102 L. Ed. 2d 120, 109 S. Ct. 148
> (1988), which is the leading case on this issue in this
> circuit.  We consider issues not fully developed and
> argued to be waived.

*Id.  See also United States v. Franco*, 318 F. App'x 411, 418 (6th Cir. 2009)

("Franco failed to address this intent/capability argument in the opening brief he

submitted on appeal. . . It is well-established that arguments not adequately

developed are waived on appeal."); *Wright v. Holbrook*, 794 F.2d 1152, 1156 (6th

Cir. 1986) ("Plaintiff's argument on this issue was raised for the first time in his

reply brief. Accordingly, it will not be considered on appeal.").

Instead of addressing the district court's grounds for dismissal and telling this Court why she believed the district court erred in dismissing Stites due to its status as a private, rather than state, actor, Ms. Mischler spends several pages reiterating to this Court the same baseless allegations made against Stites in the complaint. Unfortunately, for Ms. Mischler, those allegations still lack sufficient facts to state a claim against Stites under Section 1983. Ms. Mischler's failure to address the district court's holding that Stites is not a state actor for purposes of Section 1983, which was fatal to Ms. Mischler's sole claim against Stites, results in waiver of the issue. Because Ms. Mischler waived her argument regarding the only reason that Stites was dismissed, her appeal as it pertains to Stites should be dismissed. *Brindley*, 61 F.3d at 509.

**2.    The complaint failed to state a claim under Section 1983 against Stites.**

Even if the Court finds that Ms. Mischler did not waive her right to argue the sole grounds for which Stites was dismissed, and she did, the district court still properly dismissed Stites. As the district court correctly stated, "[t]o state a valid § 1983 claim, Plaintiff must establish that: (1) [she] was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under the color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001) (quoting *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988)). As a matter of law, "liability under § 1983 must

17

be based on *active* unconstitutional behavior." *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (emphasis added). Moreover, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (U.S. 2009). The district court correctly cited and relied on the *Redding* standard in its Memorandum Opinion and Order dismissing Ms. Mischler's claims against Stites. (Doc. 58, PageID# 700; adopted by Doc. 68.)

### a. Stites is a private law firm, not a state actor.

As she made clear no later than in Paragraph 1 of her complaint, Ms. Mischler cabins her claims in this action within the confines of 42 U.S.C. § 1983. In fact, Count III (the only count alleging claims against Stites) is styled: "Civil Rights Violation." (Doc. 1, PageID# 20.) At a minimum, Ms. Mischler was required to show that Stites is a person acting under color of state law. As the district court held, Ms. Mischler did not and cannot show that Stites—a private law firm representing state actors—is a state actor.

"It is firmly established that an attorney, while acting in that capacity for a state actor, is not in itself a state actor for the purposes of a 42 U.S.C. § 1983 claim." *Bonds v. Walton Verona Indep. Bd. of Educ.,* 2016 U.S. Dist. LEXIS 36071, at *8 (E.D. Ky. Feb. 12, 2016) (citing *Polk Cty. v. Dodson*, 454 U.S. 312, 318-19 (1981)); *see also Reed-Rajapakse v. Baker Donelson Bearman Caldwell &*

18

*Berkowitz,* 2013 U.S. Dist. LEXIS 109361, at *13-14 (W.D. Tenn. July 12, 2013) (adopted by *Rajapakse v. Baker Donelson Bearman Caldwell & Berkowitz, P.C.*, 2013 U.S. Dist. LEXIS 109361, at *9 (W.D. Tenn. Aug. 5, 2013)); *Cudejko v. Goldstein*, 22 F. App'x 484, 485 (6th Cir. 2001) ("Private attorneys are not considered to be state actors for purposes of § 1983"); *Hassink v. Mottl*, 47 F. App'x 753, 755 (6th Cir. 2002) ("[A] private attorney is not a state actor").

Ms. Mischler's own complaint in this action made clear that Stites is a private law firm hired by state actors to represent them in two suits filed by Ms. Mischler. (Compl., Doc. 1 ¶¶ 44-45.) Because a private attorney, while acting in that capacity for a state actor, is not a state actor itself for purposes of Section 1983, Ms. Mischler failed to state a claim against Stites. The district court therefore properly dismissed Count III against Stites (the only claim against Stites) for this reason alone.

> **b.    Ms. Mischler failed to plead any factual allegations giving rise to a colorable violation of federal rights.**

Even if Ms. Mischler could show that Stites is a state actor for purposes of a Section 1983 claim, and she cannot, Ms. Mischler also failed to allege a colorable violation of her federal rights by Stites. As a matter of law, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 681 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). Accordingly, the Court "need not accept as true legal

19

conclusions . . . , and conclusory allegations or legal conclusions masquerading as factual allegations will not suffice." *In re Travel Agent Com'n Antitrust Lit.*, 583 F.3d 896, 903 (6th Cir. 2009); *Harps v. TRW Auto. U.S., LLC*, 2009 U.S. App. LEXIS 24242, at *11 (6th Cir. Nov. 3, 2009) ("the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions") (quoting *Iqbal*, 556 U.S. at 678).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Moreover, "[i]t is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (affirming district court's granting of summary judgment dismissing plaintiffs' Section 1983 conspiracy claim against private attorneys, which did not meet the requisite degree of specificity, for failure to state a claim).

*First*, in Count III Ms. Mischler made only conclusory allegations against Stites. She alleged Stites "committed a felony" and "financially profited" from representing judicial defendants in her prior federal court cases while knowing that Judge "Paxton had no jurisdiction on September 2002." (Compl., Doc. 1, ¶ 76.) The "facts" she pleaded earlier in the complaint fail to support this baseless claim: she alleged that Stites knew her parental rights were violated by state judicial

20

actors "but continued to defraud the KY tax payers in the amount of $40,000 on the basis that they could get away with it because of the Beshear family influence upon both the state and federal courts of Kentucky" (*id.*, ¶44); Stites was "fully aware" of the criminal acts of state actors alleged by Ms. Mischler in the current complaint and took no action (*id.*, ¶45); Stites "fully well kn[e]w" that the Kentucky Supreme Court is retaliating against Ms. Mischler by refusing to act on four cases from 2014 (*id.*, ¶46); and Stites was fully aware that the senior judge program allowed the Chief Justice to give bribes to "bury and obstruct" cases that involved judicial misconduct (*id.*, ¶47).

Ms. Mischler offered no facts, material or otherwise, to support any of those assertions, each of which were merely conclusory allegations or legal conclusions masquerading as factual allegations, which need not have been accepted as true by the district court. *In re Travel Agent Com'n Antitrust Lit.*, 583 F.3d at 903.

Further, to the extent that Ms. Mischler attempted to allege some kind of conspiracy between Stites and the judicial defendants it represented in her cases, or some kind of fraud on Stites's part, her allegations were also insufficient. As made plain in *Spadafore,* "conspiracy claims must be pled with some degree of specificity and . . . vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." 330 F.3d at 854. And as stated in Rule 9(b), Ms. Mischler was required to plead fraud with particularity,

21

which she did not do.  Finally, even if Ms. Mischler had pled sufficient facts to establish exactly *how* she was deprived of a constitutional right, she still failed entirely to plead *which* constitutional right Stites deprived *her* of.

*Second*, as opposing counsel, Stites owed no duty to Ms. Mischler.  An "attorney owes no duty of care to an adverse party in litigation." *Friedman v. Dozorc*, 312 N.W.2d 585, 588 (Mich. 1981).  "Assuming that an attorney has an obligation to his client to conduct a reasonable investigation prior to bringing an action, that obligation is not the functional equivalent of a duty of care owed to the client's adversary," because such a duty would be "inconsistent with basic precepts of the adversary system." *Id.* at 591.  The same is true in Kentucky.  *Hill v. Willmott,* 561 S.W.2d 331, 335 (Ky. App. 1978) (holding that the defendant was not "an intended beneficiary" of the services of the plaintiff's attorney); *Baker v. Coombs*, 219 S.W.3d 204, 209 (Ky. App. 2007) (because divorce proceedings are "adversarial in nature," with the parties' interests "directly conflicting," the husband's attorney "owed no corresponding duty of care to [the wife] as a third-party beneficiary because he had a contractual obligation to represent [the husband] against [the wife] as the adverse party in the proceedings").  As the Eastern District of Kentucky had previously held, "an adverse party, by its very nature, cannot be an intended beneficiary of the [opposing party's] attorney's

22

services." *Patrick v. Croley*, 2013 U.S. Dist. LEXIS 134554 *17 (E.D. Ky. Sep. 20, 2013).

Ms. Mischler's apparent belief that Stites was required to abandon its clients and prosecute her claims for her, claims that repeatedly have been shown to lack merit, would undermine the adversarial system underlying our system of civil and criminal justice:

> An attorney owes a duty to zealously and vigorously represent the interests of his client(s). To adopt a rule of law that would expose an attorney to the prospect of negligence claims by parties whose interests are adverse to those of his client would result in the demise of our adversarial system of justice. "[An] attorney owes his primary and paramount duty to his client. The very nature of the adversary process precludes reliance by opposing parties. While it is true that the attorney owes a general duty to the judicial system, it is not the type of duty which translates into liability for negligence to an opposing party where there is not foreseeable reliance by that party on the attorney's conduct."

*Conservative Club of Washington v. Finkelstein*, 738 F.Supp. 6, 10 (D.D.C. 1990) quoting *Bickel v. Mackie*, 447 F. Supp. 1376, 1381 (N.D.Iowa), *aff'd*, 590 F.2d 341 (8th Cir. 1978). Ms. Mischler's reckless and unsubstantiated characterization of Stites's representation of its clients as fraudulent does not change the fact that she sought to impose a duty that did not exist and that, if imposed, would make it impossible for an attorney to represent his or her clients in conformity with the Kentucky Rules of Professional Conduct. *Cf.* SCR 3.130, Preamble: A Lawyer's

23

Responsibilities III ("As advocate, a lawyer zealously asserts the client's position under the rules of the adversary system."); SCR 3.130 (1.3) cmmt. (1) ("A lawyer should … take whatever lawful and ethical measures are required to vindicate a client's cause or endeavor.  A lawyer must also act with commitment and dedication to the interests of the client and with zeal in advocacy upon the client's behalf.")

*Third*, even if Stites owed Ms. Mischler some sort of duty—and the law is clear that it did not—the law firm's alleged breach of any such duty did not give rise to a constitutional violation sufficient to support her Section 1983 claim:

> It may well be that, by voluntarily undertaking to protect Joshua against a danger it concededly played no part in creating, the State acquired a duty under state tort law to provide him with adequate protection against that danger. . . .  But the claim here is based on the Due Process clause of the Fourteenth Amendment, which, as we have said many times, does not transform every tort committed by a state actor into a constitutional violation.

*Deshaney v. Winnebago County Dep't Soc. Serv.*, 489 U.S. 189, 201-02 (1989). Similarly, gross negligence, even malfeasance, of the sort Ms. Mischler baselessly alleged, is an insufficient anvil upon which to shape the constitutional tort Ms. Mischler sought to forge below.  *Hall v. Thompson*, 2016 U.S. Dist. LEXIS 163535 *18 (W.D. Ky. 2016).

Further, because under Sixth Circuit precedent a Section 1983 action is entirely personal to the direct victim of the alleged constitutional violation, Ms.

24

Mischler lacked any cause of action under Section 1983 as a result of Stites's alleged actions and inactions in defending its clients that she now claims defrauded Kentucky taxpayers. *See Claybrook v. Birchwell*, 199 F.3d 350, 357 (6th Cir. 2000) (affirming dismissal of claims for alleged emotional distress suffered by decedent's children). Not only did Ms. Mischler fail to allege she was a Kentucky taxpayer—the alleged victims of her allegations concerning Stites—she admitted that she was domiciled in Florida, meaning she was not the direct victim of the alleged constitutional tort.

Ms. Mischler failed to allege a colorable violation of her federal rights, and thus the district court could also have dismissed her claims against Stites pursuant to Rule 12(b)(6) for these reasons.

## C.    Ms. Mischler lacks standing.

Although not addressed by the district court in dismissing the claims against Stites, the district court also could have dismissed Ms. Mischler's claim against Stites for lack of standing. The complaint makes clear that Ms. Mischler fails to understand that standing—a demonstration that she suffered actual injury—is a prerequisite to any claim brought in federal court. The "judicial power . . . defined by Art[icle] III is not an unconditioned authority to determine the constitutionality of legislative or executive acts" but, rather, is limited to the resolution of "cases" and "controversies." *Valley Forge Christian Coll. v. Ams. United for Separation of*

25

*Church & State, Inc.*, 454 U.S. 464, 471 (1982); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992). An "essential and unchanging part" of that limitation is the doctrine of standing. *Lujan,* 504 U.S. at 560.

"[A]t an irreducible minimum, Art[icle] III requires the party who invokes the court's authority to 'show that he personally has suffered some actual or threatened injury as a result of the putatively illegal conduct of the defendant,' . . . and that the injury 'fairly can be traced to the challenged action' and 'is likely to be redressed by a favorable decision.'" *Valley Forge*, 454 U.S. at 472 (internal citations omitted). Further, constitutional standing requires an injury that is "concrete and particularized," and "actual or imminent." A particularized injury is one that affects a plaintiff "in a personal and individual way." *Lujan*, 504 U.S. at 561 n.1; *see also Raines v. Byrd,* 521 U.S. 811, 819 (1997); *Morrison v. Bd. of Educ. of Boyd County*, 521 F.3d 602, 607 (6th Cir. 2008), citing *ACLU v. Nat'l Sec. Agency*, 493 F.3d 644, 660 (6th Cir. 2007), *cert. denied*, 552 U.S. 1179 (2008). Only a plaintiff so injured has "'such a personal stake in the outcome of the controversy' as to warrant his invocation of federal-court jurisdiction and to justify exercise of the court's remedial powers on his behalf." *Warth v. Seldin*, 422 U.S. 490, 498-99 (1975) (quoting *Baker v. Carr*, 369 U.S. 186, 204 (1962)).

Ms. Mischler failed to allege in Count III, the sole count naming Stites, any harm to her (as opposed to Kentucky taxpayers), much less the particularized and

concrete injury required to give rise to standing, as result of Stites's alleged actions and inactions in representing its clients in *Mischler 2013A* and *Mischler 2013B*. Nowhere is she able to point to a concrete harm that she suffered with regard to any of the putatively illegal or tortious conduct of Stites. Instead, Ms. Mischler claims Stites "defraud[ed] the ***KY tax payers*** in the amount of $40,000," because Stites "was fully aware of" judicial misconduct and "took no action," during its representation of judicial actors in *Mischler 2013A* and *Mischler 2013B*. (Compl., Doc. 1, ¶¶44-45, 47 (emphasis added).)

Ms. Mischler lacked standing to assert those claims against Stites for two reasons. First, Count III was bottomed upon Ms. Mischler's claims that in representing its clients in *Mischler 2013A* and *Mischler 2013B*, Stites defrauded Kentucky taxpayers and that the taxpayers suffered injuries in the amount of $40,000. But nowhere did Ms. Mischler allege she was defrauded, that she was injured by the alleged fraud, or even that she was a Kentucky taxpayer. To the contrary, Ms. Mischler alleged that she has been domiciled in the state of Florida—not Kentucky—since 2010. (*Id.*, ¶3.) Simply stated, Ms. Mischler lacked standing to assert the claims comprising Count III—in which she sought redress for injury she alleged Kentucky taxpayers sustained—because she failed to allege how as a Florida resident she was injured.

Notwithstanding Ms. Mischler's failure to allege even the most rudimentary facts allowing her to seek redress as a Kentucky taxpayer, Ms. Mischler lacked standing to prosecute Count III for a second reason. As the Eastern District of Kentucky explained in *Ark Encounter, LLC v. Stewart*, 311 F.R.D. 414, 419 (E.D. Ky. 2015), taxpayer standing is among the slimmest of reeds upon which to base standing. Thus, in denying a motion by four taxpayers seeking to intervene in an action challenging the exclusion of the plaintiffs from a state program designed to promote tourism, the court cited both *Arizona Christian School Tuition Organization v. Winn*, 563 U.S. 125, 135 (2011) ("[a]bsent special circumstances, however, standing cannot be based on a plaintiff's mere status as a taxpayer") and *City of Ashland v. Ashland F.O.P. No. 3, Inc.*, 888 S.W.2d 667, 668 (Ky. 1994) ("[s]imply because a plaintiff may be a citizen and taxpayer is not in and of itself sufficient basis to assert standing") in support of its conclusion that "under both federal and state law taxpayer standing is construed very narrowly." 311 F.R.D. at 419. Ms. Mischler's allegations in support of her claims in Count III against Stites nowhere even hinted at the special circumstances identified by the Supreme Court in *Arizona Christian School Tuition Organization* that are required to provide taxpayer standing. *See* 563 U.S. at 138-139.

Ms. Mischler lacked standing to assert Count III of her complaint and the district court also could have dismissed the claims against Stites for this reason.

**D.    All claims against Stites occurring before August 24, 2016, were barred by the statute of limitations.**

Section 1983 actions arising in Kentucky are subject to a one-year statute of limitations.  *See Collard v. Ky. Bd. of Nursing,* 896 F.2d 179, 182 (6th Cir. 1990).  Ms. Mischler knows Section 1983 claims are subject to a one-year statute of limitations in Kentucky: *See Mischler 2013A* Opinion, 2014 U.S. Dist. LEXIS 48051 at *12-13; *Mischler 2015* Opinion, 2015 U.S. App. LEXIS 23292, at *6; *Mischler 2013B* Opinion, 2016 U.S. Dist. LEXIS 90278, at *18; *Mischler 2017* Opinion, 2017 U.S. App. LEXIS 14319, at *13.  The statute of limitations begins to run "when the plaintiff knows or has reason to know of the injury which is the basis of [her] action."  *Collard,* 896 F.2d at 182.  Ms. Mischler filed the complaint on August 24, 2017.  Accordingly, she was barred from recovery for any actions that occurred before August 24, 2016.

As she has done at least three times before, Ms. Mischler alleged (essentially the same) facts that reach as far back as 2002 in support of her Section 1983 claims.  Her claims are rooted in Judge Paxton's 2002 rulings and all of the state court and federal court litigation that ensued therefrom.  Further, Stites's representation of the judicial defendants was confined to *Mischler 2013A*, which was dismissed in 2014 (Case No. 7:13-cv-8, Docs. 118, 119), and affirmed by the Sixth Circuit in 2015 (No. 7:13-cv-8, Doc. 147); and *Mischler 2013B* (No. 3:13-cv-26), which was dismissed on July 11, 2016 (Case No. 7:13-cv-8, Doc. 58), and

29

affirmed by the Sixth Circuit on May 16, 2017 (No. 16-6184, Doc. 19-1). Thus, all claims other than those limited to Stites's successful defense before the Sixth Circuit in *Mischler 2017* were time-barred.

To the extent that Ms. Mischler's claim against Stites could not have been dismissed for the myriad of other reasons described herein, and the law is clear that it could have, the district court also could have dismissed all claims against Stites arising prior to August 24, 2016, and its successful defense before this Court in *Mischler 2017*.

**E.     The district court also could have dismissed the complaint under Stites's other claimed defenses.**

Even if district court erred in dismissing the complaint for failure to state a claim under Section 1983—and the law is clear it did not—or if the complaint could not have been dismissed against Stites for lack of standing or based upon the statute of limitations, the complaint also fails for the other reasons raised in Stites's motion to dismiss. Stites asserted the following additional defenses to Ms. Mischler's claims, which are further supported in Stites's Memorandum in Support of its Motion to Dismiss (Doc. 14-1).

1.    Ms. Mischler's claims are barred by the doctrines of claim preclusion and issue preclusion. (Doc. 14-1 at PageID# 155-58.)

2.    Ms. Mischler's claims are barred by the *Rooker-Feldman* doctrine. (Doc. 14-1 at PageID# 158-60.)

The district court also could have dismissed the claim against Stites for these reasons.

**F.      Ms. Mischler is precluded from raising arguments and new requests for relief for the first time on appeal.**

This Court should only consider the arguments raised by Ms. Mischler before the district court.  Against Stites, that is just one argument: that Stites allegedly "knew that [Judge] Paxton had no jurisdiction in September 2002 and committed a felony but financially profited to the tune of $40,000 to represent" the judicial defendants in *Mischler 2013A* and *Mischler 2013B* and the subsequent appeals of those cases.[7]  (Compl. Doc. 1*,* PageID# 20, ¶76.)

In her brief, however, Ms. Mischler raises several new arguments, and new requests for relief, for the first time on appeal.  Ms. Mischler is precluded from making these arguments and requests now:

1.      That "The Kentucky Attorney General's Office, along with the law firm of Stites & Harbison are acting in criminal conspiracy with KY Chief Justice Minton to cover up the serious problems in the Kentucky Court System."  (Appellant's Brief, pp. 10-11, ¶4.F.11.)

2.      That the "Kentucky Courts" "bribed" Attorney General Andy Beshear, former Governor Steve Beshear and Stites & Harbison PLLC "to use their official influence to prevent discovery of judicial misconduct in Amy Mischler's cases."  (*Id.*, p. 11, ¶4.F.13.)

---

[7] Ms. Mischler also made only a handful of (baseless and unsupported) factual allegations against Stites in the complaint. *See* p. 12, *supra.*

3.     That "Stites & Harbison PLLC employee Steven Beshear assigned special justices in order to make sure the cases are fixed to prevent exposure of judicial misconduct." (*Id.*, p. 12, ¶4.F.17.)

4.     That Andy Beshear  "through his former employment with Stites & Harbison PLLC has leverage over the Kentucky Supreme Court." (*Id.*, p. 22.)

5.     That there exists a "conflict of interest" "between Beshear, Stites & Harbison PLLC, [and] Chief Justice Minton." (*Id.*, p. 22-23.)

6.     A request for the Sixth Circuit to "assign an attorney" to represent Ms. Mischler "that is based out of northern Ohio or Michigan "and free from the influence of Kentucky." (*Id.*, p. 24.)

7.     A request for a "show cause motion to Stites & Harbison PLLC why their client, KY Supreme Court has not moved [Ms. Mischler's] cases forward." (*Id.*)

8.     A request for a "show cause motion to Governor Matt Bevin why he has not addressed the issue that social workers are altering child protective service records and explain why [Ms. Mischler's] hard copies have been destroyed supposedly." (*Id.*)

9.     A request for a "show cause motion to Kentucky and Andy Beshear why the Attorney Generals [sic] Office refuses to prosecute Julie Paxton for illegally issuing an order changing child custody and social workers, particularly Debbie Dile and Mona Womack for falsifying records which is a felony not subject to statute of limitation [sic] in Kentucky." (*Id.*)

"It is fundamental, and firmly established by Supreme Court precedent, that appellate courts generally are not to consider an issue brought for the first time on appeal." *United States v. Abdi*, 463 F.3d 547, 563 (6th Cir. 2006) (Cole, J., dissenting) (citing *Grupo Mexicano de Desarrollo S.A. v. Alliance Bond Fund, Inc.*, 527 U.S. 308, 319 n.3 (1999)); *see also Overstreet v. Lexington-Fayette Urban County Gov't,* 305 F.3d 566, 578 (6th Cir. 2002).  Appellate courts should exercise authority to consider arguments not raised below only in exceptional

32

cases. *See McGoldrick v. Compagnie Generale Transatlantique*, 309 U.S. 430, 434 (1940). Because Ms. Mischler failed to raise any of the above arguments and requests for relief at the district court level, and because no exceptional circumstances exist, Ms. Mischler has waived all of those arguments. The Court should not consider them now for the first time on appeal.

**G.      The district court properly sanctioned Ms. Mischler by imposing pre-filing requirements.**

Following requests for sanctions in the form of filing restrictions against Ms. Mischler by Matt Bevin and the CHFS Defendants (Doc. 30), Stites (Doc. 32), and several CHFS Defendants individually (Doc. 53), the district court found "that without some sort of deterrent, Ms. Mischler will only continue her attempts to re-litigate [the issues she had already litigated several times]." (Mem. Op. and Order, Doc. 58, PageID# 704.) It was clear to the court that "regardless of whom [Ms. Mischler] sues, or how she drafts the complaint, these actions are simply attempts to attack collaterally the domestic relations orders leading to her loss of parental rights." (*Id.*; *see also* Appellant's Brief, Doc. 18, p. 21, ¶4.J.10, "the civil rights violation to interfere with [Ms. Mischler's] private child custody rights is ongoing and continuous. . .")

While the district court did "not take lightly the sanctioning of any litigant, especially those proceeding *pro se,*" it "[found] sanctions appropriate in this matter." (Doc. 58, PageID# 705.) The court imposed pre-filing restrictions upon

Ms. Mischler requiring her to first seek permission before filing another action in that court by demonstrating that her claims are not frivolous nor brought for an improper purpose.  (*Id.*)  The court did not impose any monetary penalties upon Ms. Mischler.  The court properly imposed the sanctions under the authority of *Feathers v. Chevron U.S.A., Inc.*, 141 F. 3d 264, 269 (6ᵗʰ Cir. 1998) and *Ortman v. Thomas*, 99 F. 3d 807, 811 (6ᵗʰ Cir. 1996).  This Court should not disturb the district court's proper and warranted issuance of such sanctions.

## CONCLUSION

Because Stites is not a state actor for purposes of Section 1983, and because Ms. Mischler failed to allege any colorable violation of her federal rights, Ms. Mischler failed to state a claim against Stites under Section 1983.  Further, because Ms. Mischler failed to allege any particularized and concrete injury to her, a Florida rather than Kentucky taxpayer, as a result of Stites's acceptance of funds to represent various judicial defendants in adversarial litigation against Ms. Mischler, she also lacks standing to assert her Section 1983 claim against Stites.  In addition, any claims other than those, if any, arising out Stites's successful representation of judicial defendants before the Sixth Circuit Court of Appeals in *Mischler 2017* are also barred by the statute of limitations.  Ms. Mischler's claims against Stites also fail for the other reasons it raised before the district court.  Finally, the district

court properly imposed sanctions in the form of pre-filing restrictions against Ms.

Mischler.  Accordingly, the district court's judgment should be affirmed.

/s/ Katie M. Glass

Bethany A. Breetz
STITES & HARBISON, PLLC
400 West Market Street, Suite 1800
Louisville, KY  40202-3352
Telephone:  (502) 587-3400

J. Clarke Keller
Katie M. Glass
STITES & HARBISON, PLLC
250 West Main Street, Suite 2300
Lexington, KY  40507-1758
Telephone:  (859) 226-2300

*Counsel for Appellee Stites & Harbison PLLC*

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2)(B) and 32(a)(7)(B) because:

this brief contains 8,541 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

this brief has been prepared using a proportionately-spaced 14-point typeface.

*/s/ Katie M. Glass*
Katie M. Glass


## CERTIFICATE OF SERVICE

I hereby certify that on October 30, 2018, I electronically filed the foregoing brief through the CM/ECF system and mailed a copy by first-class mail, postage prepaid, to appellant:

Amy Jerrine Mischler
1120 Palm Court
Okeechobee, Florida  34974

*/s/ Katie M. Glass*
Katie M. Glass

## Designation of Relevant District Court Documents

In accordance with 6th Cir. R. 30(b), Stites & Harbison PLLC hereby

designates the following district court documents:

| Description of Document | Record Entry | PageID Range |
|---|---|---|
| Verified Complaint | 1 | 1-23 |
| Stites's Motion to Dismiss | 14 | 138-139 |
| Stites's Memorandum in Support of Motion to Dismiss | 14-1 | 140-167 |
| Plaintiff's Motion for Extension of Time to Respond to Motions to Dismiss 14, 15, 16, and 19 | 23 | 313-315 |
| Order Denying Plaintiff's Motion for Order that Pursuant to FRCP 4(e)(1) and KCRP 4.04(2) and (6) That All Other Defendants Have Been Served | 25 | 325-330 |
| Order Granting Plaintiff's Motion for Extension of Time to Respond to Motions to Dismiss 14, 15, 16, and 19 | 27 | 335-336 |
| Matt Bevin and CHFS Defendants' Motion for Sanctions | 30 | 435-438 |
| Stites's Joinder in Matt Bevin and CHFS Defendants' Motion for Sanctions | 32 | 452-454 |
| Plaintiff's Motion to Seal Show Cause Motion | 36 | 470-471 |
| Plaintiff's Show Cause Motion | 37 | unknown |
| Plaintiff's Motion for Extension of Time to Address All Motions to Dismiss | 39 | 494-495 |
| Order Granting In Part Plaintiff's Motion for Extension of Time to Address All Motions to Dismiss | 45 | 532-533 |

| | | |
|---|---|---|
| Plaintiff's Motion for Recusal | 50 | 558-561 |
| Plaintiff's Notice of Due Process Violation | 51 | 563-564 |
| CHFS Defendants', in their individual capacities, Motion for Sanctions | 53 | 617-628 |
| Order Denying Plaintiff's Motion for Recusal | 55 | 636-637 |
| Plaintiff's Notice of Appeal of Order Denying Plaintiff's Motion for Recusal | 56 | 638-682 |
| Memorandum Opinion and Order Dismissing Plaintiff's Complaint | 58 | 686-708 |
| Order Referring Case for Further Reassignment Pursuant to Recusal Order | 61 | 717-718 |
| Order to File Email from Plaintiff in Record | 63 | 720 |
| Email Received by Clerk's Office from Plaintiff | 64 | 721-722 |
| Order Assigning Case to Judge Danny C. Reeves | 66 | 734 |
| Judgment and Dismissal in Favor of Defendants | 68 | 737 |
| Plaintiff's Notice of Appeal of Doc. 58 and Doc. 68 | 69 | 738-771 |