RECEIVED

DEC 2 6 2018

DEBORAH S. HUNT, Clerk UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

CASE NO. 18-5665

AMY MISCHLER,

    APPELLANT

V.

MATT BEVIN, ET AL.

    APPELLEE

**APPELLANTS MOTION FOR ORDER TO SHOWCAUSE TO
DEFENDANT GOVERNOR MATT BEVIN AND HIS ATTORNEY DAVID
BRENT IRVIN FOR MISREPRESENTING THE TRUTH TO THE SIXTH
CIRCUIT COURT OF APPEALS
and
SHOWCAUSE TO PRODUCE DOCUMENTS SHOWING KENTUCKY
COMPLIED WITH CHILD ABUSE LAWS GIVING AMY MISCHLER
THE PROTECTIONS UNDER CHAPTER 620 OF THE KENTUCKY
REVISED STATUTES**

\*\*\*

Now comes the Appellant who motions for a showcause order from the

Sixth Circuit Court of Appeals to Defendant Governor Matt Bevin and his attorney

David Brent Irvin for misrepresenting the truth.

The Appellant REQUESTS THE HARSHEST SANCTIONS the Sixth

Circuit Court of Appeals can issue because this is repeated conduct by the David

Brent Irvin and Defendant Governor Bevin's administration in another case, 16-

5461 [6th Circuit]. *A*

*1A In the Rush to get to the Post office before noon on saturday the
exhibits in Memorandum are not accurate to stated numbers.*

Page **1** of **5**

Defendant Governor Bevin and his attorney have been dishonest about 1)factual finding of child abuse against Amy Mischler, 2) implying Amy Mischler is mentally ill, and 3) a total of 7 outlined misrepresentations.[1]

For her cause the Appellant offers the attached memorandum of law and fact in support of this motion.

The Appellant prays for the *harshest sanctions possible from the Sixth Circuit Court of Appeals to prevent this conduct in the future*, including placing David Brent Irvin in custody of Federal Marshall's until KY produces documents that must exist, or in the alternative KY admit they violated their own child abuse statutes denying Amy Mischler equal protection and due process under the law.

1) REQUIRE GOVERNOR BEVIN TO PRODUCE THE BUCHHOLZ PSYCHOLOGICAL EVALUATION OF AMY MISCHLER.

2) REQUIRE GOVERNOR BEVIN TO PRODUCE DOCUMENTS SHOWING THAT A CHILD ABUSE PROCEEDING PURSUANT TO CHAPER 620 HAS BEEN BROUGHT AGAINST AMY MISCHLER.

3) REQUIRE GOVERNOR BEVIN TO PRODUCE THE ORDER THAT HAS A FACTUAL FINDING THAT AMY MISCHLER IS A CHILD ABUSER.

---

[1] This is dishonesty throughout the entire brief that David Brent Irvin submitted on behalf of Defendant Governor Matt Bevin. The Appellant focused on just seven of the many issues.

4) REQUIRE GOVERNOR BEVIN TO PRODUCE WHY KENTUCKY DID NOT PROVIDE CHILD SUPPORT SERVICES TO AMY MISCHLER WHEN SHE APPLIED IN JUNE 2005.

5) REQUIRE GOVERNOR BEVIN TO PRODUCE WHY KENTUCKY DID NOT PROVIDE AMY MISCHLER'S TWO CHILDREN KCHIP HEALTH INSURANCE WHEN SHE APPLIED IN NOVEMBER 2005.

6) REQUIRE GOVERNOR BEVIN TO PRODUCE EVIDENCE THAT SUPPORTS KENTUCKY POSITION THAT AMY MISCHLER IS MENTALLY ILL THAT IS NOT RELATED TO CHILD CUSTODY PROCEEDINGS BY A QUALIFIED INDIVIDUAL.

7) REQUIRE GOVERNOR BEVIN TO GIVE A WRITTEN RESPONSE TO EACH ALLEGATION IN THE MEMORANDUM THAT "CALLS HIM OUT" FOR MISREPRESENTING THE TRUTH TO THE SIXTH CIRCUIT COURT OF APPEALS.

8) REQUIRE GOVERNOR BEVIN TO PRODUCE THE COURT ORDER THAT GAVE AWRITTEN FACTUAL FINDING THAT AMY MISCHLER ENDANGERED HER CHILDREN WHEN SHE WAS PLACED ON SUPERVISED VISITATION IN 2006.

9) REQUIRED GOVERNOR BEVIN TO SHOW IN THE 2009 CHILD CUSTODY ORDER WHAT ENDANGERMENT AMY MISCHLER POSED TO

HER CHILDREN TO JUSTIFY KEEPING HER ON SUPERVISED VISITATION AT NIGHT.[2]

Wherefore, is Governor Matt Bevin ABOVE THE LAW, or should he be accountable for telling outright fabrications of truth to the Sixth Circuit Court of Appeals? The Appellant begs all necessary relief for justice to be done upon this outrageous conduct of Governor Matt Bevin.

Respectfully submitted,

Amy Mischler,
1120 Palm Court
Okeechobee, Florida 34974
ajmischler@yahoo.com

Certificate of Service

I hereby certify that true copy was sent to the following on this the 21st, day December, 2018. David Brent Irvin, Kentucky Cabinet for Health and Family Services, Office of Legal Services, 276 E. Main, 5WB, Frankfort, KY 40621, Bethany Breetz/John Clark Keller/Katie M. Glass, Stites & Harbison, 400 West Market Street, Suite 1800, Louisville, KY 40202, Marc G. Farris/Shan Dutta, Office of the Attorney General, 700 Capital Avenue, Suite 118, Frankfort, KY 40601, Andie Brent Camden, O'Bryan, Brown & Toner, PLLC, 401 South Fourth Street, Suite 2200, Selena Woody Stevens, 183 Whitman Way, Georgetown, KY 40324 and Jim Pruitt at Pruitt and DeBourbon Law Firm P.O. Box 339, Pikeville Kentucky, 41501Only one copy is sent to the KY OAG and Stites & Harbison.

Courtesy Copy to
Richard Dawahare

_Mischler_

---

[2] Judge Nicholls didn't articulate why Amy Mischler endangered her children at night and not day. Dr. Brenzel recommended nighttime supervision but gave no reason only to make it impossible for Amy Mischler to have visitation at all.

CASE NO. 18-5665

# UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

AMY MISCHLER,

      APPELLANT

V.

MATT BEVIN, ET AL.

      APPELLEE

**MEMORANDUM IN FACT AND LAW IN SUPPORT OF
APPELLANTS MOTION FOR ORDER TO SHOWCAUSE TO
DEFENDANT GOVERNOR MATT BEVIN AND HIS ATTORNEY DAVID
BRENT IRVIN FOR MISREPRESENTING THE TRUTH TO THE SIXTH
CIRCUIT COURT OF APPEALS
and
SHOWCAUSE TO PRODUCE DOCUMENTS SHOWING KENTUCKY
COMPLIED WITH CHILD ABUSE LAWS GIVING AMY MISCHLER
THE PROTECTIONS UNDER CHAPTER 620 OF THE KENTUCKY
REVISED STATUTES**
\*\*\*

Comes now the Appellant who provides this memorandum in support of her

motion of the same title.

*SAME ATTORNEY/SAME BEVIN ADMINISTRATION
SAME MISCONDUCT OF MISLEADING THE SIXTH CIRCUIT
DIFFERENT CASES*

Attorney Richard Dawahare pointed out repeatedly that David Brent Irvin,

on behalf of Defendant Governor Bevin's political appointed Secretary Glisson;

Dawahare pointed out that Irvin and Glisson were dishonest before the Sixth Circuit Court of Appeals in case 16-5461 [6th. Circuit].

The terms Dawahare used were as follows. *"First, Appellee misconstrues . . .[the type of] case"*.[1] Also there was this gem, *"repeated misstatements of fact and law"*.[2] In addition, Dawahare used the classic phrase about Irvin's dishonest stating *"[t]his is patently untrue"*.[3] Another misrepresentation that Irvin made was that Dawahare clients never made a claim for "kinship care" or "guardianship assistance payments".[4] Yet another misrepresentation Irvin made; *"[i]ncredibly, the Secretary claims that the Cabinet under her direction did not approve R.O. as a placement for D.O. and A.O. (Brief of Defendant-Applee Vickie Yates Brown Glisson, RE # 20, Page ID #33). This is not true"*.

Where in the Sixth Circuit Court of Appeals FRAP rules does it say that attorneys can lie to the Sixth Circuit? It doesn't. Yet, neither Irvin nor Glisson misrepresentations were held to scrutiny in the order granting the clients of Dawahare the relief they were seeking.

Thus, by failing to hold Irvin and Glisson accountable; Irvin continued to outright misrepresent so many facts and law in the brief he filed on behalf of Defendant Governor Matt Bevin.

Further, the laws involving the Cabinet for Health and Family Services are not typically the kind of case law that the judges and law clerks of the Sixth Circuit

---

[1] See Document 29, first full paragraph, page 1, 16-5461.
[2] See Document 23, page 6, line 7 and 8, 16-5461.
[3] See Document 23, page 6, line 15, 16-5461.
[4] See Document 23, page 6, line 9, 16-5461.

are familiar with. A federal circuit judge relies on the integrity and the honesty of the attorneys before the Court to be honest about the intricacies of state law. Here, is where Irvin is intentionally taking advantage of the Sixth Circuit misrepresenting the state law and fact, relying on the Sixth Circuits trust that he is being honest.

## MISREPRESENTATION #1

AMY MISCHLER IS A CHILD ABUSER WITH A
FACTUAL FINDING OF CHILD ABUSE AGAINST
HER IN THE STATE COURTS
*ACCORDING TO DEFENDANT GOVERNOR BEVIN*

1. A factual finding of child abuse can only be issued under Kentucky Revised Statutes Chapter 620.[5]

2. Defendant Governor Bevin cites to Kentucky Revised Statute 620.030 as controlling.[6] [7] This is referenced to the "concurrent DVO".

3. Kentucky Revised Statute Chapter 620 governs child abuse in Kentucky. It has specific due process protections to protect parental rights. This is required under Federal Law.

4. A domestic violence action is an action under Kentucky Revised Statute Chapter 403. It does not contain required Federal Law provisions to protect parental rights found in KRS Chapter 620.

---

[5] See Exhibit 1.
[6] David Brent Irvin gave Ms. Mischler a brief without PACER identification markings. She apologizes, but she must rely on the page numbers to identify to the Sixth Circuit Irvin's specific statements.
[7] See Bevin Brief, page 8, line 8.

5. Pursuant to REQUIREMENT OF JUDICIAL FACTUAL FINDING OF CHILD ABUSE; Kentucky is required to service a petition on Amy Mischler as found in KRS Statute 620.070.

6. Amy Mischler has never been served a petition under KRS Statute 620.070.

7. Pursuant to REQUIREMENT OF FACTUAL FINDING OF CHILD ABUSE; Kentucky is required to give Amy Mischler due process notice of a temporary removal hearing as found in KRS Statute 620.080.

8. Amy Mischler has never been given due process required under KRS Statute 620.080.

9. Pursuant to REQUIREMENT OF FACTUAL FINDING OF CHILD ABUSE; Kentucky is required to give Amy Mischler due process notice of a temporary custody order under KRS Statute 620.090.

10. Amy Mischler has never been given due process required under KRS Statute 620.090.

11. Irvin and Defendant Governor Matt Bevin wrote *"Judge Paxton [issued an order] that Mischler abused or neglect her child"* and *"[b]ecause the family court found child abuse [by Amy Mischler]"*.[8]

---

[8] Bevin brief, page 9, lines 2 and 3.

Page **4** of **14**

12. THERE HAS NEVER BEEN A CHILD ABUSE COURT CASE OPENED AGAINST AMY MISCHLER BY KENTUCKY.

13. Just like Irvin misrepresented the truth to the Sixth Circuit in 16-5461, claiming Glisson did not approve a placement for the child; Irvin is falsely telling the Sixth Circuit Court of Appeals that there is a factual finding of child abuse against Amy Mischler when it is impossible because no case pursuant to Kentucky Revised Statues Chapter 620 has been brought against Amy Mischler.

## MISREPRESENTATION #2

### THERE IS A FACTUAL FINDING AGAINST AMY MISCHLER OF CHILD ABUSE IN A DOMESTIC VIOLENCE ACTION ACCORDING TO DEFENDANT GOVERNOR BEVN

14. To rebut misrepresentation #1 above; Defendant Matt Bevin and Irvin are going to claim that Kentucky can simply swap out domestic violence petitions for child abuse petitions. This is simply not true because Federal and Kentucky law does not allow this due to the domestic violence proceedings not having the MANDATED extra constitutional protections of parental rights found in CHAPTER 620.

BUT EVEN IF KY COULD JUST
SWAP LAWS WILLY NILLY ;

THERE **STILL** IS NO ACTUAL FACTUAL FINDING OF CHILD ABUSE
AGAINST AMY MISCHLER IN THE
DOMESTIC VIOLENCE ORDER ITSELF

15. The domestic violence order issued is a triplicate preprinted form.[9]

16. Judge Julie Paxton did not handwrite any factual finding of abuse in the lines of the preprinted form. She did give Amy Mischler unsupervised visitation in handwriting.

17. Irvin <u>willfully lies</u> in his brief writing "*Mischler concedes Judge Paxton 'restrained [her] from committing further acts of abuse*".[10]

18. What Irvin is ***quoting preprinted form*** which states "*In order to assist in eliminating future acts of domestic violence and abuse*".[11] This is neither a finding of child abuse nor is it a factual finding.

MISREPRESENTATION #3

*"[T]he picketing incident"*

19. Just like the Cabinet discriminated against the Plaintiff's in 16-5461; the Cabinet discriminated against Amy Mischler refusing to provide services though she and HER TWO YOUNG CHILDREN qualified.

---

[9] See Exhibit 2, copy of May 24, 2006 DVO Order, the page where Irvin falsely claims is a child abuse finding.
[10] See Bevin Brief, page 7, lines 8 and 9.
[11] See actual preprinted order, Exhibit 2.

20. June 15, 2005; nine months before the "picketing incident". Amy Mischler applied for child support and health insurance through the Cabinet's contractor Defendant Howard Keith Hall.[12] Hall NEVER provided child support and health insurance services.

21. November 29, 2005: five months before the "picketing incident". Amy Mischler qualified on the basis of her poverty for KCHIP insurance for her two children. She was denied KCHIP on a fake rule that didn't exist. Her children had NO HEALTH INSURANCE WHATSOEVER.[13]

22. APRIL 2006: Amy Mischler had a sign begging for forty dollars to buy her child's medicine. This is the picketing incident. Amy Mischler would not have had to beg for forty dollars to buy her child's medicine if the Cabinet had provided services it was legally obligated to provide to Ms. Mischler and her children when she requested on June 15, 2005 and November 29, 2005.

23. BEYOND THE SCOPE; the Sixth Circuit Court of Appeals needs to order a Federal Receiver to take over the Kentucky Cabinet for Health and Family Services because Kentucky refuses to stop discriminatory practices against providing services to women and children on the basis of POLITICS.[14]

---

[12] See Exhibit 3, application for child support and health insurance by Amy Mischler.

[13] See Exhibit 4, application for KCHIP for Amy Mischler's children.

[14] The companies that train and maintain foster care parents will lose money since the Sixth Circuit Court of Appeals has ordered that relatives receive payments the same as strangers who are foster care parents. These companies lobby the legislators and the Governor. The reason Kentucky discriminated against relatives in 16-5461 is due to political lobby pressure to keep the dollars rolling in to the foster care companies. Foster care is BIG BUSINESS.

Amy Mischler has *"paranoid delusional level[s]"*.

24. All the allegations that Amy Mischler is mentally ill come from two related sources. One is attorney Jonah Stevens, who didn't want to pay child support. The other is Defendant Dr. Sally Brenzel..

25. Both attorney Jonah Stevens and Dr. Sally Brenzel have conflicts of interest. Stevens didn't want to pay child support. Dr. Brenzel has a financial interest to cover up misconduct at the Cabinet and AOC because of her undisclosed personal service contracts with these agencies.

### *WHERE IS THE DR. DENNIS BUCHHOLZ PSYCHOLOGICAL EVALUTION OF AMY MISCHLER THAT IS FAVORABLE TO AMY MISCHLER?*

26. Amy Mischler was court ordered to have a psychological evaluation with licensed psychologist Dr. Dennis Buchholz of Louisville Kentucky. This evaluation was favorable to Amy Mischler.

27. The difference between Dr. Dennis Buchholz and Dr. Sally Brenzel is that Dr. Buchholz did not have a conflict of interest with financial personal service contracts with the Cabinet and the Kentucky Administrative Office of the Courts like Dr. Sally Brenzel. Without the conflict of interest; Dr. Buchholz gave Amy Mischler a favorable FULL psychological evaluation.

28. Defendant Dr. Sally Brenzel and Defendant Judge Nicholls were given copies of the favorable psychological evaluation by Dr. Dennis Buchholz of Amy Mischler. Dr. Sally Brenzel and Defendant Judge Nicholls BURIED THE EXISTENCE OF THIS FAVORABLE psychological report from the state court record.

29. Irvin and Defendant Governor Matt Bevin write that Ms. Mischler exhibited "*a pervasive distrust and suspiciousness that may have at times reached a paranoid delusional level*". "*After receiving the expert's report [but ignoring the other expert favorable report of Amy Mischler], Judge Nicholls conducted an evidentiary hearing over the course of two days*".[15]

30. Irvin and Defendant Governor Matt Bevin KNOW that the Dr. Buchholz psychological exists because there is an order in the state court record ordering it. BUT THEY ALSO KNOW, that Defendant's **Dr. Brenzel and Judge Nicholls subsequently withheld the existence of Dr. Buchholz's report from the state court record** after it came out favorable to Amy Mischler.

31. Judge Nicholls NEVER put the favorable psychological report by Dr. Dennis Buchholz to be entered into the record of the child custody proceedings between Amy Mischler and Jonah Stevens.

---

[15] Bevin brief, Page 11, lines 12 and 13.

31. Further, if Amy Mischler were mentally ill; she would have had problems in Florida where she has lived since December 2010. There is no evidence of any mental illness of Amy Mischler nor has she received mental health services in Florida for the nearly decade she has lived in Florida.

## MISREPRESENTATION #5

*"But her appeal was dismissed because she failed . . . to fil[e] a brief".*

32. The Kentucky Court of Appeals refused to accept Amy Mischler's brief. BECAUSE THE COURT OF APPEALS didn't want to rule it denied Amy Mischler a simple page extension as to avoid having to address the fraud on the court by Defendant Paxton and others. See Attached Exhibit 5.

33. FRAUD requires to be pleaded with specificity and thus, the extra length was necessary to full incorporate how child custody was illegally changed in 2002 in a closed domestic violence action.

34. NOT ONLY is the Kentucky Court system trying to insulate discovery of the 2002 fraud with Defendant Paxton changing child custody illegally without subject matter jurisdiction; the Kentucky Court system was hiding the cover up of treating a domestic violence action like it was a child abuse hearing under Chapter 620 without the mandated constitutional protections and with Defendant Judge Nicholls and Defendant Dr. Sally Brenzel keeping the favorable Dr. Dennis Buchholz report from the court record to deny Amy Mischler her parental rights.

MISREPRESENTATION #6

*"The Cabinet's policy is to follow whatever a state judge has already held" and "[c]omplying with that Order, the Cabinet sent a state social worker".[16]*

35. NO SUCH POLICY EXISTS. It is unconstitutional for a judge to order the Cabinet to investigate or provide services according to binding case law.

36. Irvin, an attorney with the Cabinet says it's policy for the Cabinet to do what Judge Julie Paxton ordered against Amy Mischler. However, when Judges Garber and Bowles do the exact same thing as Judge Paxton; Irvin's fellow attorneys at the Cabinet says it is unconstitutional.[17]

37. Just like Irvin misrepresented case law to the Sixth Circuit in 16-5461, where Attorney Dawahare called Irvin out; *"Yet the Secretary adopted the District Court's misinterpretations of this and other Gonzaga and Blessing holdings."* [18] Irvin is yet against misrepresenting to the Sixth Circuit concerning what the binding precedent is.

---

[16] See Bevin Brief, page 7, line 10 and 11, page page 9, lines 11 and 12.
[17] See Exhibit 6, controlling case law Cabinet v. Judge Garber and Judge Bowels attached in full.
[18] See Document 23, page 9 line 12 and 13, case 16-5461.

## MISREPRESENTATION #7

*"Consequently, Mischler was never placed on the child abuse/neglect registry because she appealed . . . .and prevailed".*[19]
according to Defendant Governor Matt Bevin

38. Internal Cabinet Document prepared 3-15-2007 on the assignment from the Secretary's office STATES THAT AMY MISCHLER WAS ON THE CHILD ABUSE REGISTRY TWICE FOR THE SAME ALLEGATION.

39. Exhibit 6: Defendant Debbie Dile wrote *"[e]ither way it has added a second substantiated finding to the NM's [Amy Mischlers] CAN [Child abuse/neglect] registry and should be corrected."* Second page, line 6 and 7, Exhibit 6.

40. Exhibit 6: Defendant Debbie Dile wrote *"Case is lost [Violation of Federal Law to preserve these records for 20 years] and a third referral is added to open the case. (this created an substantiation against the NM [Amy Mischler] that is not accurate)."* Second page, lines 24 and 25, Exhinit 6. A substantiation is immediately added to the central registry.

41. Exhibit 6: Defendant Debbie Dile wrote *"correct the finding in referral #3, so that the NM [Amy Mischler] is not on the central registry for neglect on two separate occasions, as this is not correct."* Page 4, lines 8 and 9, Exhibit 6.

---

[19] See Bevin Appeal, Page 10 lines 8, 9, and 10.

43. Amy Mischler believes she has been put on and taken off of the Child Abuse/neglect registry MULTIPLE TIMES WITHOUT DUE PROCESS or ANY NOTICE to start a whisper slander campaign among judicial and legislative officials to deny her redress of the judicial misconduct by Judge Paxton, and the subsequent judges who covered Paxton's misconduct and continued ABUSIVE AND ILLEGAL JUDICIAL PRACTICE OF KEEPING AMY MISCHLER ON SUPERVISED VISITATION  WITHOUT A FACTUAL FINDING.

44. Kentucky law requires as does binding case law that judge give a factual finding of endangerment to children before PUTTING a parent on supervised visitation.

45. Amy Mischler has never been given a factual finding outlined what danger she posed to her children EVER and is still on supervised visitation starting in June 2006 until the present.

Respectfully submitted,

Amy Mischler,
1120 Palm Court
Okeechobee, Florida 34974
ajmischler@yahoo.com

Certificate of Service

I hereby certify that true copy was sent to the following on this the 21st, day December, 2018.  David Brent Irvin, Kentucky Cabinet for Health and Family Services, Office of Legal Services, 276 E. Main, 5WB, Frankfort, KY 40621,

Bethany Breetz/John Clark Keller/Katie M. Glass, Stites & Harbison, 400 West Market Street, Suite 1800, Louisville, KY 40202, Marc G. Farris/Shan Dutta, Office of the Attorney General, 700 Capital Avenue, Suite 118, Frankfort, KY 40601, Andie Brent Camden, O'Bryan, Brown & Toner, PLLC, 401 South Fourth Street, Suite 2200, Selena Woody Stevens, 183 Whitman Way, Georgetown, KY 40324 and Jim Pruitt at Pruitt and DeBourbon Law Firm P.O. Box 339, Pikeville Kentucky, 41501Only one copy is sent to the KY OAG and Stites & Harbison.



# Kentucky Legislature



## Kentucky Revised Statutes

### KRS Chapter 620

*Includes enactments through the 2018 Regular Session*

The KRS database was last updated on 12/19/2018

KRS General Information | Back to Title Page | Statute Revision Information | Legislature Home Page

- .010 Legislative purpose.

- .020 Definitions for chapter.

- .023 Evidence to be considered in determining the best interest of a child.

- .025 Jurisdictional precedence.

- .027 District Court's concurrent jurisdiction for child custody and visitation in permanent placement cases.

- .029 Duties of cabinet relating to children who are victims of human trafficking.

- .030 Duty to report dependency, neglect, abuse, or human trafficking -- Husband-wife and professional-client/patient privileges not grounds for refusal to report -- Exceptions -- Penalties.

- .040 Duties of prosecutor, police, and cabinet -- Prohibition as to school personnel -- Multidisciplinary teams.

- .045 Funding for regional children's advocacy center.

- .050 Immunity for good-faith actions or reports -- Investigations -- Confidentiality of reports -- Exceptions -- Parent's access to records -- Sharing of information by children's advocacy centers -- Confidentiality of interview with child -- Exceptions -- Confidentiality of identifying information regarding reporting individual -- Internal review and report -- Waiver -- Medical diagnostic procedures -- Sharing information with relatives.

- .051 Background check of child abuse and neglect records -- Fee -- Central registry -- Administrative regulations.

- .052 Provision of information to parent or legal guardian concerning community service programs for families in crisis when child protection investigation does not result in out-of-home placement of a child.

- .055 External child fatality and near fatality review panel -- Creation -- Members -- Meetings -- Duties -- Responsibilities -- Information required to be provided to members -- Confidentiality -- Destruction of information following conclusion of panel's examination -- Application of open records and open meetings law -- Limitation of liability -- Annual evaluation of panel's work.

- .060 Emergency custody orders.

- .070 Dependency, neglect, or abuse action -- Service of petition and summons -- Contents of summons.

- .072 Unannounced home visits concerning abused or neglected child -- Conditions requiring -- Request for assistance in gaining access to child.

- .080 Temporary removal hearing.

- .090 Temporary custody orders.

- .095 Restriction on placement of nonoffender.

- .100 Appointment of separate counsel -- Court-appointed special advocate volunteer -- Full adjudicatory hearing -- Notice of proceedings.

- .110 Petition for immediate entitlement to custody.

- .120 Criminal charges tried separately.

- .125 Testimony in adjudication not admissible in criminal proceeding except for purposes of impeachment.

- .130 Alternatives to removal from custody.

*Exhibit 1 Page 1/3*

- .140 Dispositional alternatives.

- .145 Cabinet's assessment of child's educational needs.

- .146 Notice to be given to school personnel of persons authorized to contact or remove a child of whom the cabinet has custody from school grounds.

- .150 Visitation.

- .155 Appeals.

- .157 Appeal of cabinet's determination that child should not be returned home.

- .160 Motion to seal child's record.

- .170 Voluntary commitments.

- .180 Administrative regulations.

- .190 Citizen foster care review boards -- Local citizen foster care review boards.

- .200 Support services for local citizen foster care review boards.

- .210 Training of board members.

- .220 Information to Administrative Office of the Courts Citizen Foster Care Review Board Program.

- .230 Case permanency plans.

- .240 Case progress reports.

- .250 Local citizen foster care review board's access to records.

- .260 Conflict of interest.

- .270 Scope of review of local citizen foster care review board -- Regional forums.

- .280 Employees of cabinet and other agencies to appear at local board meetings.

- .290 Board's findings and recommendations -- Report on children frequently moved.

- .300 Repealed, 1992.

- .310 State Citizen Foster Care Review Board established.

- .320 Duties of State Citizen Foster Care Review Board.

- .330 Support services for State Citizen Foster Care Review Board.

- .340 Reports from local boards to state board.

- .345 Study group on privatizing foster care services -- Membership -- Recommendations.

- .350 Abandoned newborn infant -- Emergency custody order -- No investigation of abandonment -- Placement in foster home -- Inquiry to ensure that infant is not missing child -- Involuntary termination of parental rights.

- .355 Information form for person who leaves infant -- Media campaign.

- .360 Rights and responsibilities of foster parents -- Training of person investigating abuse or neglect in foster homes -- Nonliability of cabinet.

- .365 Notification when child in foster care is to be moved or reunified with family.

### Court-Appointed Special Advocates

- .500 Definitions for KRS 620.500 to 620.550.

- .505 Court-appointed special advocate program -- Local board of directors -- Program director -- CASA volunteers.

- .510 Support services and funding for CASA programs.

- .512 Kentucky CASA network fund -- Creation and administration.

- .515 Minimum requirements for CASA volunteer -- Training -- Oath.

- .520 Information available to program directors and CASA volunteers.

Exhibit 1 Page 2/3

- **.525 Duties of CASA volunteers.**

- **.530 Court-Appointed Special Advocate Association.**

- **.535 Duties of association.**

- **.537 Director of association -- Qualifications -- Duties.**

- **.540 Support services and funding for board.**

- **.545 Reports from CASA programs.**

- **.550 Notification of treatment planning conferences and reviews.**

**Penalty**

- **.990 Penalty.**

**Previous Chapter | Next Chapter | Title and Chapter List**

**Top**

$\mathcal{E}$xhibit 1  Page 3/3

# ORDER OF PROTECTION

**AOC-275.3**
Rev. 10-01
Doc. Code: ODV
Page 1 of 3

☒ DOMESTIC VIOLENCE ORDER
☐ AMENDED DOMESTIC VIOLENCE ORDER

Case No. *02-D-00202-003*

Court *Family*

County *Pike*  State *Ky*

---

| PETITIONER/PLAINTIFF | PETITIONER/PLAINTIFF IDENTIFIERS |
|---|---|

**Petitioner:** *Jonah Lee Stevens*
First  Middle  Last

And/or on behalf of minor family members(s):(list name and DOB) _____

Date of Birth of Petitioner: ████████

Other Protected Persons/DOB:
*Zachary Stevens* 4-30-94
*Tucker Stevens* 8-22-99

### V.

| RESPONDENT/DEFENDANT | RESPONDENT/DEFENDANT IDENTIFIERS |
|---|---|

**Respondent:** *Amy Jerrine Mischler*
First  Middle  Last

Relationship to Petitioner: ☐ spouse ☒ former spouse ☐ unmarried, child in common ☐ unmarried, currently or formerly living together ☐ child ☐ stepchild ☐ parent ☐ grandparent ☐ other relative (specify)

| SEX | RACE | DOB | HT | WT |
|---|---|---|---|---|
| F | W | ██ 9-22-68 | 5-4 | 200 |

| EYES | HAIR | Social Security # |
|---|---|---|
| Blue | Red | ███ |

| DRIVERS LICENSE # | STATE | EXP. DATE |
|---|---|---|
| | | |

Respondent Address: *Apt 9 Northgate Dr. Pikeville, Ky 41501*

Distinguishing Features _____

**CAUTION:**
☐ Weapon involved  ☐ Armed and Dangerous  ☐ Divorce/Custody/Visitation case pending

---

## THE COURT HEREBY FINDS:

That it has jurisdiction over the parties and subject matter, and the Respondent has been provided with reasonable notice and opportunity to be heard.

☒ Additional findings of this order are as set forth below.

## THE COURT HEREBY ORDERS:

☒ That the above-named Respondent be restrained from committing further acts of abuse or threats of abuse.

☒ That the above-named Respondent be restrained from any contact with the Petitioner/Plaintiff.

☒ Additional terms of this order are as set forth below.

The terms of this order shall be effective until **5-24**, **2007**.

*Exhibit 2*

*1/3*

---

**WARNING TO RESPONDENT:**

This order shall be enforced, even without registration, by the courts of any state, the District of Columbia, any U.S. Territory, and may be enforced by Tribal Lands (18 U.S.C. Section 2265). Crossing state, territorial, or tribal boundaries to violate this order may result in federal imprisonment (18 U.S.C. Section 2262).

Federal law provides penalties for possessing, transporting, shipping, or receiving any firearm or ammunition

*Stevens Vs Mischler*

*02-D-202-003*

**ADDITIONAL FINDINGS:**

☒ For the Petitioner against the above-named Respondent in that it was established, by a preponderance of the evidence, that an act(s) of domestic violence or abuse has occurred and may again occur; or

☐ For the Respondent in that it was not established, by a preponderance of the evidence, that an act(s) of domestic violence or abuse has occurred and may again occur; or

☐ The ☐ Petitioner ☐ Respondent has filed a motion to amend the Domestic Violence Order dated

_____

**ADDITIONAL TERMS OF ORDER:**

That the above-named Respondent surrender to the Court, or to the officer serving the order, Respondent's Kentucky license to carry concealed firearms or other deadly weapons pursuant to KRS 237.110(11).

☐ Kentucky license to carry surrendered to Court.

☐ That the Petition/Motion to Amend be ☐ Dismissed ☐ Denied.

☐ That the motion to amend is sustained. ☐ That the prior order is amended pursuant to a show cause hearing. The prior order is amended as follows, and all prior inconsistent provisions of such prior order are superseded as follows: _____

_____

☒ That the above-named Respondent is restrained from any contact or communication with the above-named Petitioner;

☒ That Respondent shall remain at all times and places at least __500__ feet away from Petitioner and members of Petitioner's family or household;

☒ except as follows: *as necessary to cooperate w/ DPP + any visitation orders*

☒ That the above-named Respondent be restrained from disposing of, or damaging, any property of the parties;

☐ That the above-named Respondent vacate the residence shared by the parties located at

_____
(specific address)

☒ In accordance with the criteria of KRS 403.270, 403.320, and 403.420, the Uniform Child Custody Jurisdiction Act and 28 U.S.C.A. Section 1738A temporary custody of:

*Zachary Stevens,* ▮▮▮▮▮▮ d.o.b.
*Tucker Stevens,* ▮▮▮▮▮▮ d.o.b.

_____
(List names, ages and sex of each child)

be awarded to ___*Jonah Stevens*___ .

2/3

*Stevens v. Mischler*

02-D-00202-003

☐ That the above-named Respondent, is ordered to pay temporary support in the amount of

$ _____ as set forth in form AOC 152 Kentucky Uniform Child Support Order. (AOC 152 shall also be used if child support is ordered.)

☒ That the above-named Respondent participate in available counseling services, described as

Continue counseling at MCCC.

☒ In order to assist in eliminating future acts of domestic violence and abuse, _____

DPP to open case + provide family services. Parties to fully cooperate w/ Protection + Permanency. Resp. to have children in her custody Fridays 6pm - Sunday 7pm, beginning 5-26-06.

~~To be used only in discretion or custody action.~~ ~~That the court finds that the victim had requested mediation and the victim's request is voluntary and not the~~ ~~result of coercion and that mediation is a realistic and viable alternative to or adjunct to the issuance of this~~ ~~order, therefore that available mediation services be ordered as follows:~~

Exchange of children Fridays at PPD Sundays at A's church.

The terms of this order shall not exceed three years from date of issue pursuant to KRS 403.750(2). The Petitioner may return to the court which issued this order before expiration of this order to request that it be reissued for an additional period not to exceed three years. The number of times this Order may be reissued shall not be limited. KRS 403.750(3).

Violation of this order shall constitute contempt of this Court and may result in criminal charges. Any peace officer shall arrest the Respondent without a warrant upon probable cause that a violation of this order has occurred. [Pursuant to 18 U.S.C. Section 922(g)(8), it may be a federal violation to purchase, receive or possess a firearm or ammunition while subject to this order.]

| 5-24-06 | |
|---|---|
| Date | Judge **ENTERED** |

MAY 25 2006

DAVID DESKINS, CLERK
PIKE CIRCUIT/DISTRICT COURT
BY: _____ D.C.

\* Pet. to have children for trip to Gatlinburg - days to be provided.

\* If trip is not during Bible School, children to attend Bible School at Resp's church.

3/3

Copies to:
- Court file
- Petitioner
- Respondent
- Court clerk in county of Petitioner's usual residence, if different.
- Law enforcement agency/dispatch center responsible for LINK entry.
- Law enforcement agency(cies) designated for service.
- Local Department for Social Services, Cabinet for Families & Children.

*Prosecution against ~~~~ ~~ ~~~~ at the Pike County Attorney Child Support office on June 15, 2005.*

COMMONWEALTH OF KENTUCKY
Cabinet for Families and Children
An Equal Opportunity Employer M/F/D

AUTHORIZATION AND ACKNOWLEDGMENT OF NO LEGAL REPRESENTATION

By the a Cabinet for Families and Children (CFC) contracting official, your signature on this application authorizes and acknowledges the following:

I request CFC to assist me in my child support case, including court action, as necessary.

I acknowledge that any CFC attorney to whom I may be referred will be dealing with me solely pursuant to his or her obligation to provide legal services to and for CFC and the Commonwealth of Kentucky.

I understand that I am not legally represented by a CFC attorney and that A CFC ATTORNEY MAY MAKE A POSITION UNFAVORABLE TO ME.

I understand that an attorney-client relationship does not exist between CFC's contracting official and me, and I understand the consequences of this on the issues of confidentiality and attorney-client privilege.

I understand that I have the RIGHT TO OBTAIN LEGAL REPRESENTATION FOR MYSELF at a time I choose, now or in the future, and I will be responsible for attorney fees and costs.

**DATE OF CHILD SUPPORT APPLICATION**

Signature

Subscribed and sworn to me and subscribed in my presence this ____

Notary Public

Date

15th day of June 2005

01/30/08

My Commission Expires

**KATRINA BUSH WAS AN EMPLOYY AND NOTARY IN PIKE COUNTY HOWARD-KEITH HALL'S CHILD SUPPORT ENFORCEMENT OFFICE.**

MUST BE SIGNED IN THE PRESENCE OF A NOTARY PUBLIC.

DO NOT WRITE IN THIS SPACE

OFFICE USE ONLY

NUMBER: _____ DATE RECEIVED: _____

WORKER:

Exhibit 3    1/1

## CERTIFICATION

As an applicant for or recipient of Medicaid Only or KCHIP benefits, I have read this form or someone has read it to me. If I understand that by applying for or accepting Medicaid Only or KCHIP benefits, I **automatically assign** (transfer) to CFC the right to current medical support due me or any other family member who receives medical support for as long as medical support is received.

If I choose to receive full child support services, I understand that the Social Security number(s) I provide may be used by child support staff in the provision of child support services. For example, a Social Security number may be used for any of the following:

- locating the noncustodial parent or obligor;
- income withholding;
- federal or state tax refund offset or both;
- reporting past-due support to certified consumer reporting ε
- submitting past-due support for administrative offset of certain federal payments;
- locating assets belonging to the noncustodial parent or obligor; and
- denying, revoking, or suspending a license or certificate.

**Nov. 29 - 2005 KCHIP**

I understand that the Social Security number(s) I provide also may be used to enroll the child(ren) in a health insurance plan.

I understand my right to claim good cause for not cooperating. I understand my rights and responsibilities in regard to the child support program as explained by this form.

I certify that I understand I am required to cooperate fully with CFC in taking legal action to establish and enforce medical support against the parent of each child for whom I receive Medicaid Only or KCHIP benefits.

I understand and acknowledge that any CFC attorney to whom I am referred will assist me, but is not my personal attorney and will not represent me in any legal matter because of his or her obligation to provide legal services to and for CFC and the Commonwealth of Kentucky.

I understand that there may be some delay before medical support is paid directly to CFC. Therefore, **I agree to forward any money I receive from the noncustodial parent or obligor for medical support to CFC beginning with the date I receive Medicaid Only or KCHIP benefits. I will send any such support by check or money order made payable to the Division of Child Support. If I receive support by check, I will endorse the check and add: "Payable only to the Division of Child Support."**

I WILL MAIL THE SUPPORT TO:  DIVISION OF CHILD SUPPORT
POST OFFICE BOX 14059
LEXINGTON, KY 40512-4059

X _____    X  11/29/05 _____
Signature of Applicant/Recipient                Date

I have provided the applicant/recipient with a copy of this form.

_____    11/29/05 _____
Signature of Caseworker                Date

**"CHILDREN FIRST"**          CS-333.3 (Rev. 7/03)

4

Exhibit 4    1/1

# Kentucky Court of Appeals

**Appellant AMY JERRINE MISCHLER**

vs

**Appellee JONAH LEE STEVENS**

## Case Information

| Case # | 2009-CA-001609 |
|---|---|
| Case Type | Family Court (FC) |
| Document Type | Expedited Matter of Right (ME) |
| Case Status | History (H) |
| Last Main Event | FINALITY (FL) |

## Step Sheet

| Step # | Date | Description | Memo |
|---|---|---|---|
| 1 | 8/6/2009 | CIRCUIT COURT JUDGMENT | |
| 2 | 9/1/2009 | NOTICE OF APPEAL - REGULAR CIVIL | FILING FEE OF $185.00 PAID. |
| 3 | 9/2/2009 | RETURN FOR DOCKET REVIEW | EXPEDITED APPEAL |
| 4 | 9/9/2009 | ORDER EXPEDITING APPEAL | ***COURT ORDER DELIVERED EXPEDITING APPEAL**** NO PREHEARING STATEMENT NEED TO BE FILED, NO PREHEARING CONFERENCE WILL BE HELD |
| 5 | 9/9/2009 | ORDER ENTERED TO START | ***EXPEDITED APPEAL*** THE CIRCUIT COURT CLERK SHALL CERTIFY THE RECORD ON APPEAL ON OR BEFORE 30 DAYS FROM THE DATE OF THIS ORDER. APPELLANT'S BRIEF SHALL BE FILED ON OR BEFORE 30 DAYS FROM THE DATE THE RECORD IS CERTIFIED. THE APPELLEE BRIEF MAY BE FILED ON OR BEFORE 30 DAYS FROM THE DATE THE APPELLANT BRIEF IS FILED. APPELLANT MAY FILE A REPLY BRIEF ON OR BEFORE 10 DAYS FROM THE DATE THE APPELLEE BRIEF IS FILED. |
| 6 | 10/6/2009 | DEFICIENCY ORDER - RETURN OF DEFICIENT PLEADING ON COURT'S OWN MOTION | RECEIVED 10-06-09 RETURNED 10-6-09 TO AMY MISCHLER NOTICE AND MOTION FOR COURT ORDER ( MUST SHOW DATED CERTIFICATION ON ALL PARTIES TO THE APPEAL AND 1 ORIGINAL & 4 COPIES OF ALL PLEADINGS) |

Exhibit 5

1/6

| 7 | 10/6/2009 | NOTIF. OF CERTIFICATION - REGULAR CIVIL | ***EXPEDITED APPEAL*** APPELLANT'S BRIEF SHALL BE FILED ON OR BEFORE 30 DAYS FROM THE DATE THE RECORD IS CERTIFIED. ### UPDATED PER NI REPORT & ORDER ENTERED 2/12/10 - KS 2/23/10 **PER COURT ORDER OF 5/5/10, APPELLANT BRIEF DUE IN 20 DAYS |
|---|---|---|---|
| 8 | 11/6/2009 | PROCEDURAL MOTION | APPELLANT'S MOTION FOR LEAVE TO EXCEED THE PAGE LIMITATION ( TENDERED APPELLANT'S BRIEF ) ### D/20 UNTIMELY WALK IN 11/06/09 |
| 9 | 11/12/2009 | PROCEDURAL MOTION | APPELLANT'S MOTION FOR ADDITIONAL TIME TO FILE A BRIEF. ###D-24 UNTIMELY MAILED EXPRESS MAIL 11/10/09 |
| 10 | 11/20/2009 | PROCEDURAL MOTION | APPELLEE'S MOTION TO STRIKE APPELLANT BRIEF ### D/3 |
| 11 | 11/20/2009 | PROCEDURAL MOTION | APPELLEE'S MOTION FOR ADDITIONAL TIME TO FILE A BRIEF. ### D/3 |
| 12 | 11/25/2009 | RESPONSE TO MOTION | APPELLANT'S RESPONSE TO APPELLEE'S MOTION TO STRIKE APPELLANT BRIEF |
| 13 | 11/25/2009 | SUBSTANTIVE MOTION | APPELLANT'S MOTION TO REQUEST SANCTIONS ### D/9 |
| 14 | 12/9/2009 | MOTIONS SCHEDULED FOR FOLLOWING STEPS. | |
| 15 | 12/9/2009 | MOTIONS SCHEDULED FOR FOLLOWING STEPS. | |
| 16 | 12/9/2009 | MOTIONS SCHEDULED FOR FOLLOWING STEPS. | |
| 17 | 12/9/2009 | MOTIONS SCHEDULED FOR FOLLOWING STEPS. | |
| 18 | 12/9/2009 | MOTIONS SCHEDULED FOR FOLLOWING STEPS. | |
| 19 | 12/10/2009 | PROCEDURAL MOTION | APPELLEE'S MOTION FOR LEAVE TO SUBMIT BRIEF OUT OF TIME ( TENDERED APPELLEE BRIEF) ### D/23 BL IS AWARE |
| 20 | 12/10/2009 | PROCEDURAL MOTION | APPELLEE'S MOTION WITHOUT CITATIONS TO THE VIDEO RECORD ON APPEAL ### D/23 BL IS AWARE |

2/b

| 21 | 12/23/2009 | PROCEDURAL MOTION | APPELLANT'S MOTION TO FILE A REPLY BRIEF EXCEEDING THE PAGE LIMITATION ( TENDERED APPELLANT'S REPLY BRIEF ) ### D/6 |
|---|---|---|---|
| 22 | 12/23/2009 | PROCEDURAL MOTION | APPELLANT'S MOTION TO STRIKE APPELLEE'S BRIEF ### D/6 |
| 23 | 1/6/2010 | MOTIONS SCHEDULED FOR FOLLOWING STEPS. | |
| 24 | 1/6/2010 | MOTIONS SCHEDULED FOR FOLLOWING STEPS. | |
| 25 | 1/6/2010 | MOTIONS SCHEDULED FOR FOLLOWING STEPS. | |
| 26 | 1/6/2010 | MOTIONS SCHEDULED FOR FOLLOWING STEPS. | |
| 27 | 2/12/2010 | ORDER DENYING PROCEDURAL MOTION | ORDER THE COURT HAVING CONSIDERED THE APPELLANT'S MOTION FOR LEAVE TO EXCEED THE PAGE LIMITATION, IT IS HEREBY DENIED. (NOTE: RETURNED TENDERED APPELLANT'S BRIEF ) |
| 28 | 2/12/2010 | ORDER GRANTING PROCEDURAL MOTION | ORDER THE COURT HAVING CONSIDERED THE APPELLANT'S MOTION FOR ADDITIONAL TIME TO FILE A BRIEF, IT IS HEREBY GRANTED. THE APPELLANT SHALL HAVE 20 DAYS FROM THIS DATE TO FILE A BRIEF. |
| 29 | 2/12/2010 | ORDER DENYING PROCEDURAL MOTION | ORDER THE COURT HAVING CONSIDERED THE APPELLEE'S MOTION TO STRIKE APPELLANT BRIEF, IT IS HEREBY DENIED AS MOOT. |
| 30 | 2/12/2010 | ORDER DENYING PROCEDURAL MOTION | ORDER THE COURT HAVING CONSIDERED THE APPELLEE'S MOTION ADDITIONAL TIME TO FILE A BRIEF, IT IS HEREBY DENIED AS MOOT. |
| 31 | 2/12/2010 | ORDER DENYING SUBSTANTIVE MOTION | ORDER THE COURT HAVING CONSIDERED THE APPELLANT'S MOTION TO REQUEST SANCTIONS, IT IS HEREBY DENIED AS MOOT. |

3/6

| 32 | 2/12/2010 | ORDER DENYING PROCEDURAL MOTION | ORDER THE COURT HAVING CONSIDERED THE APPELLEE'S MOTION FOR LEAVE TO SUBMIT BRIEF OUT OF TIME, IT IS HEREBY DENIED. (NOTE: RETURNED TENDERED APPELLEE BRIEF) |
|---|---|---|---|
| 33 | 2/12/2010 | ORDER DENYING PROCEDURAL MOTION | ORDER THE COURT HAVING CONSIDERED THE APPELLEE'S MOTION WITHOUT CITATIONS TO THE VIDEO RECORD ON APPEAL, IT IS HEREBY DENIED. |
| 34 | 2/12/2010 | ORDER DENYING PROCEDURAL MOTION | ORDER THE COURT HAVING CONSIDERED THE APPELLANT'S MOTION TO FILE A REPLY BRIEF EXCEEDING THE PAGE LIMITATION, IT IS HEREBY DENIED. (NOTE: RETURNED TENDERED APPELLANT'S REPLY BRIEF) |
| 35 | 2/12/2010 | ORDER DENYING PROCEDURAL MOTION | ORDER THE COURT HAVING CONSIDERED THE APPELLANT'S MOTION TO STRIKE APPELLEE'S BRIEF, IT IS HEREBY DENIED. |
| 36 | 3/9/2010 | UNAUTHORIZED PLEADING LETTER RETURNING SUCH PLEADING | RECEIVED 3-8-10 RETURNED 3/9/10 TO AMY MISCHLER MOTION FOR LEAVE FOR THE COURT OF APPEALS TO ACCEPT TWO COPIES OF BRIEFS LATE. ( RETURNED AS UNNECESSARY BECAUSE OTHER DEFICIENCIES MUST BE CORRECTED .) ### SENT COPY OF SPG LETTER |
| 37 | 3/9/2010 | DEFICIENCY ORDER - RETURN OF DEFICIENT PLEADING ON COURT'S OWN MOTION | 5 COPIES OF A BRIEF NOT EXCEEDING 25 PAGES EXCLUDING THE INTRODUCTION, STATE OF POINTS AND AUTHORITIES, EXHIBITS AND APPENDICES MUST BE FILED IN THIS OFFICE WITHIN 10 DAYS OF THE DATE OF THIS NOTICE. 5 COPIES OF THE BRIEF RETURNED TO AMY MISCHLER. 3 APPELLANT BRIEFS WERE RECEIVED 03/04/10 TIMELY AND 2 RECEIVED 03/08/10. |
| 39 | 3/24/2010 | NOTICE APPELLANT'S BRIEF OVERDUE | **NOTICE** PRO SE** APPELLANT'S BRIEF OVERDUE. MOTION MUST BE FILED WITHIN TWENTY (20) DAYS. FAILURE RESULTS IN DISMISSAL. ### D-14 |
| 40 | 3/29/2010 | PROCEDURAL MOTION | APPELLANT'S MOTION TO EXCEED TIME LIMIT /TREATED AS APPELLANT'S MOTION FOR ADDITIONAL TIME TO FILE A BRIEF ( TENDERED APPELLANT BRIEF ) ### D/13 |
| 41 | 3/29/2010 | PROCEDURAL MOTION | APPELLANT'S MOTION TO EXCEED THE PAGE LIMITATION ( TENDERED BRIEF) ### D/13 |
| 42 | 3/29/2010 | PROCEDURAL MOTION | APPELLANT'S MOTION TO ACCEPT BRIEF IN SAME CONDITION AS RETURNED TO APPELLANT ### D/13 |
| 43 | 4/13/2010 | MOTIONS SCHEDULED FOR FOLLOWING STEPS. | |
| 44 | 4/13/2010 | MOTIONS SCHEDULED FOR FOLLOWING STEPS. | |

4/6

| | | | |
|---|---|---|---|
| 45 | 4/13/2010 | MOTIONS SCHEDULED FOR FOLLOWING STEPS. | |
| 46 | 5/5/2010 | ORDER GRANTING PROCEDURAL MOTION | ORDER THE COURT HAS CONSIDERED THE APPELLANT'S MOTION FOR ADDITIONAL TIME TO FILE A BRIEF, IT IS HEREBY GRANTED. THE APPELLANT HAS 20 DAYS FROM THE DATE OF ENTRY OF THIS ORDER TO FILE A BRIEF IN SUBSTANTIAL COMPLIANCE WITH CR 76.12 INCLUDING PAGE LIMITATIONS AND CITATIONS TO THE RECORD FOR THE FACTUAL STATEMENTS. |
| 47 | 5/5/2010 | ORDER DENYING PROCEDURAL MOTION | ORDER THE COURT HAS CONSIDERED THE APPELLANT'S MOTION TO EXCEED THE PAGE LIMITATION, IT IS HEREBY DENIED. (NOTE: RETURNED TENDERED BRIEF TO PRO SE APPELLANT THIS DATE) |
| 48 | 5/5/2010 | ORDER DENYING PROCEDURAL MOTION | ORDER THE COURT ORDERS THAT THE APPELLANT'S MOTION TO ACCEPT BRIEF IN SAME CONDITION AS RETURNED TO APPELLANT, IT IS HEREBY DENIED. |
| 49 | 6/15/2010 | RETURN FOR DOCKET REVIEW | FAILURE TO COMPLY WITH ORDER ENTERED 5/25/10. ### KS 6/15/10 |
| 50 | 7/29/2010 | DISMISSAL ON THE COURT'S OWN MOTION | ORDER CAPERTON, MOORE AND THOMPSON THE APPELLANT FAILED TO COMPLY WITH THE MAY 5, 2010 ORDER OR TAKE ANY OTHER ACTION IN THIS APPEAL. THE COURT ORDERS THAT THIS APPEAL BE DISMISSED FOR FAILURE TO FILE AN APPELLANT'S BRIEF IN SUBSTANTIAL COMPLIANCEWITH CR 76.12. |
| 51 | 9/13/2010 | FINALITY | |

# Litigant Information

| Description | Primary | Name | Seq # |
|---|---|---|---|
| Appellant | Y | AMY JERRINE MISCHLER | 1 |
| Appellee | Y | JONAH LEE STEVENS | 2 |

# Attorney Information

| Attorney Name / Address | Party Name | Type |
|---|---|---|
| **N BRIAN CUMBO** <br> 86 WEST MAIN STREET, SUITE 100, PO BOX 1844 <br> INEZ, KY 41224 | JONAH LEE STEVENS | Appellee |

5/6

| AMY JERRINE MISCHLER<br>1120 PALM COURT<br>OKEECHOBEE, FL 34974 | AMY JERRINE MISCHLER | Appellant |

## Associated Circuit Cases

| County | Case # | Court # | Div | Judgment Date | Judge Name |
|--------|--------|---------|-----|---------------|------------|
| PIKE (098) | 01-CI-01197 | 1 | CI | 8/6/2009 | HON NICHOLLS, LEWIS |

## Associated Appeals Cases

| Case # |
|--------|
| 0 results |

*b 16*

FindLaw    Caselaw    Kentucky    KY Ct. App
COMMONWEALTH CABINET FOR HEALTH AND FAMILY SERVICES v. GARBER

# COMMONWEALTH CABINET FOR HEALTH AND FAMILY SERVICES v. GARBER

Print                                              Font size:    A    A    Reset

### Court of Appeals of Kentucky.

### COMMONWEALTH of Kentucky, CABINET FOR HEALTH AND FAMILY SERVICES, Petitioner v. Hon. Eleanore GARBER, Judge, Jefferson Circuit Court, Respondent

### B.W. and L.T., Real Parties in Interest Commonwealth of Kentucky, Cabinet for Health and Family Service, Petitioner v. Hon. Jerry J. Bowles, Judge, Jefferson Circuit Court, Respondent C.P. and D.J., Real Parties in Interest.

### Nos. 2010–CA–001226–OA, 2010–CA–001351–OA.

### Decided: May 06, 2011

Before COMBS, KELLER, and VANMETER, Judges.Erika Saylor, Assistant Counsel, Cabinet for Health and Family Services, Louisville, KY, for petitioner. No Response by Respondents or the Real Parties in Interest. OPINION AND ORDER

The Cabinet for Health and Family Services filed these original actions after two divisions of the Jefferson Family Court entered orders in domestic violence proceedings directing the Cabinet to investigate certain individuals for the risk of dependency, neglect, or abuse of children. No responses were filed to the petitions for writs of prohibition and mandamus. Having considered the petitions and having been otherwise sufficiently advised, the Court ORDERS that the petitions be GRANTED as provided in this order.

In Original Action Number 2010–CA–001226–OA, Jefferson Family Court Judge Eleanore Garber entered an order on June 15, 2010, captioned "ORDER FOR CFC TO INVESTIGATE," which stated in pertinent part as follows:

UPON THE COURT'S OWN MOTION, AND THE COURT BEING OTHERWISE SUFFICIENTLY ADVISED, IT IS HEREBY ORDERED THAT CHILD PROTECTIVE SERVICES SHALL INVESTIGATE THE ABOVE PARTIES AND INFORM THE COURT OF ITS FINDINGS.

In Original Action Number 2010–CA–001351–OA, Jefferson Family Court Judge Jerry J. Bowles entered an order on July 8, 2010, captioned "ORDER TO INVESTIGATE," which stated in pertinent part as follows:

IT IS HEREBY ORDERED that Child Protective Services shall investigate risk of neglect or abuse regarding any children in the custodial care or legal access to parties. The investigating worker shall inform the Court of its findings. Hon. Judge Jerry J. Bowles orders the presence of any assigned worker at the hearing, or a written report filed in advance by forwarding an informal summary of your recommendations/investigative status to the court via the e-mail or fax (below). Petr. has had child by Respondent. Child may be at risk. Petr. amended DVO to resume relationship. Resp. has orders of NC w/ other children.

The Cabinet argues that the family court acted outside its jurisdiction and also that the family court acted within its jurisdiction, but erroneously. Specifically, the Cabinet contends that the family court acted outside its jurisdiction and violated the separation of powers doctrine by ordering an investigation, instead of reporting suspected child dependency, neglect, or abuse pursuant to KRS 620.030 and KRS 620.040. The Cabinet asserts that once it has received a report of suspected dependency, neglect, or abuse, it alone has the executive function of determining whether such report merits an investigation or an assessment of family needs.

In Toyota Motor Mfg., Kentucky, Inc. v. Johnson, 323 S.W.3d 646, 649 (Ky.2010), the Supreme Court of Kentucky recently reiterated the strict standards for the issuance of a writ:

We recognize two broad classes of cases in which a writ may be properly granted. The first is when a lower court "is proceeding or is about to proceed outside of its jurisdiction and there is no remedy through an application to an intermediate court." Hoskins v. Maricle, 150 S.W.3d 1, 10 (Ky.2004). The second is when a

FindLaw Career Center

Select a Job Title
Attorney
Corporate Counsel
Academic
Judicial Clerk
Summer Associate
Intern
Law Librarian

Search Jobs    Post a Job    |    Careers Home

View More

Exhibit 6          1/2

"lower court is acting or is about to act erroneously, although within its jurisdiction, and there exists no adequate remedy by appeal or otherwise and great injustice and irreparable injury will result if the petition [for a writ] is not granted." Id. Under a special subclass of the second class of writ cases, a writ may issue even absent irreparable injury to the writ-petitioner if the lower court is acting erroneously and a supervisory court believes that "if it fails to act the administration of justice generally will suffer the great and irreparable injury." Bender v. Eaton, 343 S.W.2d 799, 801 (Ky.1961).

We agree with the Cabinet that the family court exceeded its jurisdiction in ordering an investigation. KRS 620.030(1) obligates individuals, including the family court, to report the dependency, neglect or abuse of a child. Fugate v. Fugate, 896 S.W.2d 621, 623 (Ky.App.1995). KRS 620.040 assigns responsibilities for action including investigation and establishes time frames. KRS 620.040(1)(b) directs the Cabinet to undertake a risk analysis to determine if an investigation or an assessment of family needs is warranted. By ordering an investigation, the family court usurped the Cabinet's executive function of determining the necessity of an investigation and, if so warranted, initiating the investigation. Section 28 of the Kentucky Constitution precludes the family court from exercising the Cabinet's executive powers. In Vaughn v. Knopf, 895 S.W.2d 566, 568 (Ky.1995), the Kentucky Supreme Court explicitly stated that " '[o]ur present constitution contains explicit provisions which, on one hand, mandate separation among the three branches of government, and on the other hand, specifically prohibit incursion of one branch into the powers and functions of the others.' " Id. at 568 (quoting Legislative Research Comm'n v. Brown, 664 S.W.2d 907, 912 (Ky.1984)). See Commonwealth v. Partin, 702 S.W.2d 51, 52–53 (Ky.App.1985) (holding district court precluded by Ky. Const. § 28 from exercising executive branch functions). The issuance of a writ of prohibition is appropriate where a court is exceeding its jurisdiction. See Conrad v. Evridge, 315 S.W.3d 313 (Ky.2010); Ally Cat, LLC v. Chauvin, 274 S.W.3d 451 (Ky.2009).

The Cabinet also asserts that it also is entitled to a writ on the basis that the family court is acting within its jurisdiction, but erroneously, and there is no adequate remedy by appeal and great and irreparable injury will result. Where it is claimed that the lower court is acting erroneously within its jurisdiction, it "is an absolute prerequisite" under Kentucky law that petitioner must show that no adequate remedy by appeal exists. Newell Enterprises Inc. v. Bowling, 158 S.W.3d 750, 754 (Ky.2005). " 'No adequate remedy by appeal' means that any injury to [the Cabinet] 'could not thereafter be rectified in subsequent proceedings in the case.' " Independent Order of Foresters v. Chauvin, 175 S.W.3d 610, 614–15 (Ky.2005) (citing Bender, 343 S.W.2d at 802). Here, the Cabinet explicitly recognized in its petition that it may subject itself to contempt proceedings; therefore, it has an adequate remedy by appeal. See Newell Enterprises, 158 S.W.3d 750. Likewise, we need not determine if the Cabinet's claims fit within the "certain special cases" exception for the issuance of a writ because "the exception allows a petitioner to avoid only the requirement of great and irreparable injury, not the requirement of lack of an adequate remedy by appeal. Bender, 343 S.W.2d at 801 ." Independent Order of Foresters, 175 S.W.3d at 617.

By ordering the Cabinet to conduct an investigation, the family court acted outside its jurisdiction and violated the separation of powers of Section 28 of the Kentucky Constitution. The petitions are therefore GRANTED to the following extent: In Jefferson Family Court, Division Five, Civil Action No. 10–D–501748–001, the family court is PROHIBITED from enforcing its June 15, 2010, order. In Jefferson Family Court, Division Six, Civil Action No. 10–D–500303–001, the family court is PROHIBITED from enforcing its July 8, 2010, order.

VANMETER, Judge.

ALL CONCUR.

RESEARCH THE LAW          Cases & Codes / Opinion Summaries / Sample Business Contracts / Research An Attorney or Law Firm
MANAGE YOUR PRACTICE      Law Technology / Law Practice Management / Law Firm Marketing Services / Corporate Counsel Center
MANAGE YOUR CAREER        Legal Career Job Search / Online CLE / Law Student Resources
NEWS AND COMMENTARY       Law Commentary / Featured Documents / Newsletters / Blogs / RSS Feeds
GET LEGAL FORMS           Legal Forms for Your Practice
ABOUT US                  Company History / Media Relations / Contact Us / Privacy / Cookies / Advertising / Jobs
FIND US ON

Copyright © 2018, Thomson Reuters. All rights reserved.

**Date Received: 03-15-2007**     **Assignment Received From:** Secretary's office

**Specialist Assigned:** DDile

**Date Administrative Staff Informed of Assignment:**

**Due Date to Director:**     3/23/2007

## Assignment Overview:
- Review complaint

This is the second complaint made by Ms. Mischler. The first complaint is from Oct. 2006 and is attached.

The second complaint is dated 3-15-07 and is addressed to Ms. Shereena Hamilton the SSW in Pike Co. This worker is both the intake worker and then was transferred to on-going where she was the on-going worker. The Intake FSOS is Kathy Larder and the On-going FSOS is Wilma Taylor.

Ms. Mischler states that the purpose of the letter is threefold. "First, it's a demand letter that you observe my due process rights. Second, it is notice of irregularities to Cabinet official who are in charge of supervising you, and third it's an open records request."

The following information was pulled from the letter and will be considered as the complaint:
- She complains that she did not receive a referral for Seven County Services.
- She states that she has never received a finding letter from the Cabinet, however, in her first complaint she was aware that she had a substantiated finding against her for neglect.
- She has not spoken to her worker since December 2006.
- She states that the DVO that caused this agency to change its finding has been vacated.
- She states that this agency was court ordered in May to offer her services and we did not begin this until Dec. 2006
- She states that in November she was told this agency was transferring the case to Jefferson co. and this still has not happened.
- She claims that she has made allegations against her ex-husband and this agency is failing to act because he is an attorney in Pike Co.

## List what was accomplished to complete the assignment (bullet point format):

- Review Twist information # 205338

T/C to Wilma Taylor On-Going FSOS—This reviewer faxed her a copy of the letter to Ms. Hamilton from Ms. Mischler dated 3-5-2007. FSOS states that she has not read this letter but was aware that her worker had received it.

She states that the first investigation came in May 2006 and was substantiated to match the courts findings. She was not aware that the DVO had been vacated and agreed to research this and ask her legal staff to get involved if needed. This is relevant because this agency changed its unsubstantiated finding to substantiated to match the court finding of neglect in regards to this DVO.

Exhibit 7

1/4

(Attachment D)

(R. 12/03)

- She states that the case is lost and they have attempted to re-create it but it has been difficult. The worker states that she sent a finding letter to the NM but this cannot be verified. A new finding letter was mailed to the NM certified on 3-16-2007.
- A new referral was entered in December of 2006 in order to open the case. It is not known why this happened but, it is probably because the finding on the May referral was entered and closed. Either way it has added a second substantiated finding to the NM's CAN registry and should be corrected. The FSOS is also working on this in order to change the finding. She agreed to call twist if necessary.
- She was not sure that a referral was completed for the NM to attend SCS. She will discuss with the worker.
- She says that a case plan was done with the NM in December. It is unknown if any other contact has occurred with the NM. On the case plan it says that DCBS will make monthly visits to the NM and this has not happened.
- The FSOS states that this is because the case was going to be transferred to Jefferson Co. but they would not accept the case without the hard file. Then Shelbyville was going to take the case and now Johnson Co. is going to take the case. This is to avoid a professional conflict due to the NF is also an attorney in Pike Co. The FSOS says that her FSOS is out this week and she is unsure when this transfer is going to take place.

It appears due to various reasons services have not been offered to this NM. It is difficult to determine as the case is lost and the county is experiencing multiple problems with past dues and staff shortages.

May 2006-Substantiated neglect only because the court changed its finding—This agency was court ordered to offer the NM services. (This reportedly did not occur due to past dues)
December 2006-Case is lost and a third referral is added to open the case (This created an substantiation against the NM that is not accurate).
December 2006-Case plan was complete with the NM, monthly visits have not occurred as we agreed on the case plan and the case has not been transferred as we agreed.
March 2007-A finding letter was mailed to her alerting her to a substation of neglect in May of 2006.

3-23-2007
Conferenced this situation with Mona and Bruce. We spoke with the SRA, Susan Howard and discussed the above concerns. The assignment outline was emailed to her as requested on 3-23-2007.

Response was emailed from FSOS Wilma Taylor:

1. Shereena Hamilton did call Seven Counties to inform intake of Ms Mischler would be calling for an appointment for an intake, she was not informed to complete any type of referral. Shereena assumed Ms Mischler would follow up in making her appointment.

2. I will need Shereena to clarify the order to dismiss, if that will include the finding of neglect.

(Attachment D)

(R. 12/03)

3. I have checked with Ms Wilcox regarding the case being assigned to another county to continue services, Ms Wilcox will make arrangements for Johnson County to take case responsibility since court has been transferred from Floyd County to Johnson County Court.

4. Jenny Cook from Floyd County intake team (606-889-1724) is addressing the new allegations regarding Mr. Stevens (father). The supervisor is Angela Baldwin.

5. Ms Wilcox and I will need to work on changing the finding of referral #3 to change the finding, Ms Mischler as far as we know only has the one substantiation and we will make sure the case reflect that.

6. Shereena has not had contact with Ms Mischler since 11/06, the case plan visit, Shereena did make a visit to the father's home. As we talked yesterday, the mother had moved and the worker did not know her whereabouts for some time, then she was reportedly in Shelby County, I called in attempt to transfer the case to find out she moved to Jefferson County with her mother, I did contact Jefferson County in attempts to transfer the case, I decided to keep the case in Pike County due to the father having custody of the children. LaToya Jones, Jefferson County DPP is providing courtesy services to Ms Mischler.

I have already sent you the case plan, finding letter and court order that ordered family services to be provided to the family. If I have left any thing out please let me know.

Thanks

3-23-2007—Letter was sent to Ms. Mischler (see attached)

Recommendations (where appropriate):
- Re-create Case-This is currently being done.
- Assist her with applying for open records—Carrie Hall agreed to do this.

3/4

(Attachment D)

(R. 12/03)

- LaToya Jones in Jefferson Co. to follow up with Ms. Mischler and attend a seven counties appointment with her. Regional office has agreed to do this.
- Transfer case to Johnson Co. ASAP. Regional office has agreed to do this.
- Explore further if court order substantiating neglect on the children, has been appealed. The regional office is currently doing this
- Add the allegations against the NF into twist and assess for acceptance/services. The regional office is currently doing this.
- Correct the findings in referral #3, so that the NM is not on the central registry for neglect on two separate occasions, as this is not correct. Regional office has agreed to do this.

**Date completed and returned to Administrative Staff for Directors review and distribution:**
**03-23-2007**

4/4

(Attachment D)

# PRIORITY
## ★ MAIL ★
# EXPRESS™

**OUR FASTEST SERVICE IN THE U.S.**

This envelope is made from post-consumer waste. Please recycle - again.

PRESS FIRMLY TO SEAL          PRESS FIRMLY TO SEAL

RECEIVED

DEC 26 2018

DEBORAH S. HUNT, Clerk

Potter Stewart U.S.
100 East fifth Stre
Cincinnati Ohio 4
513-564-7000

**WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.**

≡EMS≡

EP13F July 2013   OD: 12.5 x 9.5

P S 10001000006

**VISIT**
**ORDER**

U.S. POSTAGE PAID
PME 2-Day
OKEECHOBEE, FL
34972
DEC 22 18
AMOUNT
$24.70
R2304H109881-14

1007      45202-3905

EE 152321965 US




**UNITED STATES**
**POSTAL SERVICE®**

**PRIORITY**
**★ MAIL ★**
**EXPRESS™**

**CUSTOMER USE ONLY**

FROM: (PLEASE PRINT)   PHONE (   ) 863 - 5?4-13?9

Amy Theatre
1120 Palm Court
Okeechobee Fl 31974

**PAYMENT BY ACCOUNT (if applicable)**

**DELIVERY OPTIONS (Customer Use Only)**
☐ SIGNATURE REQUIRED
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)
☐ 10:30 AM Delivery Required (additional fee, where available)

TO: (PLEASE PRINT)   PHONE ( 513 ) 564 - 7000
Clerk of the court of the 11th court
of appeals
Potter Stewart U.S. court house
100 East fifth street
Ohio
44222-7988

ZIP + 4 (U.S. ADDRESSES ONLY)

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

**ORIGIN (POSTAL SERVICE USE ONLY)**

| ☐ 1-Day | ☐ 2-Day | ☐ Military | ☐ DPO |
|---|---|---|---|
| PO ZIP Code | Scheduled Delivery Date (MM/DD/YY) | Postage | |
| 34972 | 12/24 | $ 24.70 | |
| Date Accepted (MM/DD/YY) | Scheduled Delivery Time ☐ 10:30 AM ☐ 3:00 PM ☐ 12 NOON | Insurance Fee $ | COD Fee $ |
| 12/22/18 | | | |
| Time Accepted ☐ AM ☐ PM | 10:30 AM Delivery Fee $ | Return Receipt Fee $ | Live Animal Transportation Fee $ |
| 11:45 | | | |
| Special Handling/Fragile $ | Sunday/Holiday Premium Fee $ | Total Postage & Fees | |
| Weight ☐ Flat Rate | Acceptance Employee Initials | $ 24.70 | |
| lbs.   ozs. | | | |

**DELIVERY (POSTAL SERVICE USE ONLY)**

| Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature |
|---|---|---|
| Delivery Attempt (MM/DD/YY) | Time ☐ AM ☐ PM | Employee Signature |

LABEL 11-B, OCTOBER 2018   PSN 7690-02-000-9996   3-ADDRESSEE COPY

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express™ shipments. Misuse may

WRITE FIRMLY WITH BALL POINT PEN ON HARD SURFACE TO MAKE ALL COPIES LEGIBLE.