No. 18-5665

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 08, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| AMY JERRINE MISCHLER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| MATT BEVIN, in his official capacity as Governor | ) | THE EASTERN DISTRICT OF |
| of Kentucky, et al., | ) | KENTUCKY |
| | ) | |
| Defendants-Appellees. | ) | |

O R D E R

Before:  MOORE, GILMAN, and DONALD, Circuit Judges.

Amy Jerrine Mischler, a pro se Florida resident, appeals a district court judgment dismissing her civil complaint filed under 42 U.S.C. § 1983 and Kentucky law. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In August 2017, Mischler filed a lawsuit stemming from the events and proceedings surrounding her prior divorce and custody battle that ended in 2009. We have affirmed the dismissal of her prior lawsuits against various defendants, including her ex-husband and state court judges, in which Mischler challenged the alleged denial of her parental rights. *Mischler v. Stevens*, Nos. 16-6184/6185 (6th Cir. May 16, 2017) (order); *Mischler v. Stevens*, No. 14-5567 (6th Cir. Sept. 9, 2015) (order).

In the current complaint, Mischler sued: Kentucky Governor Matt Bevin, in his official capacity; Attorney General Andy Beshear, in his official capacity, and assistant Attorneys General Jeffrey Prather and Craig Newborn, in their individual and official capacities (though she never completed service on them in their individual capacities); Pike County Attorney Howard Keith Hall, in his individual and official capacities; Judges Julie Paxton, Joseph Lambert, John David Preston, Janie Wells, and Lewis Nicholls, in their official capacities; Kentucky Cabinet for Health and Family Services ("CHFS") employees Timothy Feeley, Susan Howard, Debra Wilcox-LeMaster, Mike Hartlage, Mona Womack, Debbie Dile, Zack Ousley, David Adam, and Emily Gray-Jones, in their individual and official capacities (though she never completed service on them in their individual capacities); Kentucky social workers Kathy Larder, Deborah Webb, Shereen Hamilton-Sperlock, LaToya Jones, Wilma Taylor, and Gwen Hatfield, in their individual and official capacities; Doctor Sally Brenzel; the law firm of Stites & Harbison, which represented several of the judicial defendants in prior lawsuits; and Selena Woody Stevens, in her individual capacity.

The allegations of Mischler's complaint fell into four groups. First, she alleged that the defendants violated the Fourth Amendment and Kentucky law when the CHFS, social workers, and Dr. Brenzel fraudulently investigated her for false allegations of child abuse and then knowingly prepared documents containing such false statements. Second, she maintained that the defendants fraudulently submitted records containing false statements about Mischler that were relied upon by a child-custody evaluator and a judge to deny her custody of her children; Dr. Brenzel reported that Mischler was mentally ill because she had challenged the accuracy of the CHFS records; and Hamilton-Sperlock acted under a conflict of interest because she was friends with Mischler's ex-husband. Third, Mischler alleged that Judge Paxton denied Mischler's parental rights despite not having jurisdiction during the child-custody proceeding; the judicial defendants participated in CHFS's fraudulent conduct by using the "child protective systems" against her; and the judicial defendants failed to address Judge Paxton's lack of jurisdiction over the child-custody proceeding. She further asserted that the Office of the Attorney General ("OAG") defendants

obstructed justice by participating in Mischler's "private" custody case; Judge Lambert bribed Judge Paxton to deny Mischler's parental rights in exchange for not having to work the required hours set forth in the "senior judge program"; Judge Minton was aware of the bribe but took no action to restore Mischler's parental rights; and Stites & Harbison committed a felony when it profited from representing the judges in her prior lawsuits. Finally, Mischler alleged that Governor Bevin failed to protect her First Amendment right to seek redress against the CHFS after defendant Feeley declined to investigate her fraud allegations. Mischler also moved for an injunction seeking an order requiring Governor Bevin to investigate the use of tax dollars to pay Stites & Harbison to represent the judicial defendants and to ensure the removal of all allegedly false statements about Mischler contained in the CHFS records. She also filed an emergency motion for a preliminary injunction seeking an order requiring Governor Bevin to prevent the CHFS from destroying records in her case.

Several of the defendants moved to dismiss Mischler's complaint, and others moved for sanctions to be imposed against Mischler and for the court to impose filing restrictions on her. Mischler filed a motion requesting the district court judge to recuse himself as allegedly biased and unfit for service because his son was employed by Governor Bevin, the judge allegedly allowed a nineteen-year-old college freshman to prepare orders in federal cases, he allegedly applied rules in her case that are applicable only to county judges, and he attempted to "shut down" her complaints against the CHFS. The district court denied the motion, concluding that Mischler's allegations were based only on challenges to the court's previous rulings in her case. We dismissed Mischler's appeal from that denial as taken from a non-appealable order. *Mischler v. Bevin*, 887 F.3d 271, 271-72 (6th Cir. 2018) (order).

After we dismissed Mischler's interlocutory appeal, the case was transferred from Judge Van Tatenhove to Judge Reeves. In accordance with an order entered earlier by Judge Van Tatenhove, Judge Reeves entered a judgment that: (1) denied Mischler's motion for a preliminary injunction because she failed to establish a likelihood of success on the merits; (2) dismissed the official-capacity claims against Bevin, the CHFS defendants, Beshear, Prather, and Newborn

because they were entitled to sovereign immunity; (3) dismissed the claims against the OAG defendants because Mischler filed her complaint beyond the applicable one-year statute of limitations; (4) dismissed the state-fraud claims against Brenzel, Stevens, and the CHFS defendants because Mischler filed her complaint beyond the applicable five-year statute of limitations; (5) dismissed the Fourth Amendment/Fraud claims because Mischler filed her complaint beyond the applicable one-year statute of limitations; (6) dismissed Mischler's claims against the judicial defendants because they were entitled to absolute judicial immunity and because Mischler filed her complaint beyond the applicable one-year statute of limitations; (7) dismissed the claims against Stites & Harbison because the firm did not qualify as a state actor; and (8) denied Mischler injunctive relief against Bevin because she failed to state a claim upon which relief could be granted. The district court also sua sponte dismissed the complaint against defendants who were not served in their individual capacities, including Howard Keith Hall. Finally, the district court granted the motion seeking filing restrictions against Mischler.

On appeal, Mischler reasserts many of the claims that she raised against the defendants in her complaint. She also reasserts her allegation that the CHFS employees have improperly destroyed records related to her child-custody case. In addition, Mischler reasserts her request that Judge Van Tatenhove be recused from her case, but she now adds that he failed to divulge that he is married to one of Governor Bevin's employees and that he and his wife have taken trips at the taxpayers' expense. She also requests relief based on new allegations that: (a) Judge Karen Caldwell is stalking her on social media; and (2) an unidentified employee of the Sixth Circuit Court of Appeals has done social-media research on her by visiting her website. Finally, she moves for the appointment of counsel, for orders requiring defendants Bevin and Beshear to produce various documents, for an order holding Stites & Harbison to be held in contempt, for the court to make a factual finding that various defendants "defaulted on answering," and for a correction of the docket to reflect that she has requested oral argument.

Mischler has effectively abandoned her claims because she does not assert any challenge to the district court's bases for dismissing her complaint. Although pro se filings are to be liberally

construed, *see Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), pro se litigants must attempt to develop arguments regarding the issues raised in their appellate briefs in order to preserve those issues for appeal, *see Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 156-57 (6th Cir. 2003) (concluding that the pro se appellants had abandoned their appeal because they had not "adequately briefed any appellate issue"). "[I]issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999) (internal quotation marks omitted). Because Mischler's appellate brief does not directly address the legal grounds on which the district court dismissed her complaint, she has waived appellate review of the district court's judgment. *See O'Hara v. Brigano*, 499 F.3d 492, 498 (6th Cir. 2007).

Although Mischler reasserts the factual allegations supporting her claims, she does not directly challenge the district court's conclusions that: she was not entitled to a preliminary injunction to prevent the CHFS records from being destroyed because the records no longer exist; defendant Stites & Harbison cannot be sued under § 1983 because it is not a state actor; her claims against the remaining defendants are barred by Eleventh Amendment immunity and/or are untimely under the applicable statutes of limitations; and her claim that the judicial defendants engaged in a conspiracy to cover up Judge Lambert's alleged bribery of Judge Paxton was not pleaded with sufficient specificity to state a claim for relief. In addition, to the extent that Mischler has asserted new allegations against the defendants concerning asserted conspiracies between the Attorney General's Office and judges to cover up alleged judicial misconduct, we will not consider those claims in the first instance on appeal. *See Vance v. Wade*, 546 F.3d 774, 781 (6th Cir. 2008).

Furthermore, although Mischler does not directly argue on appeal that the district court erred when it determined that her claims were untimely, she does allege facts indicating that any applicable statutes of limitations were tolled by the doctrine of "continuing violations." Mischler had several months to assert such arguments in response to the defendants' various motions to dismiss, in which they asserted defenses based on the applicable statutes of limitations—the first motion to dismiss was filed in November 2017 and the last such motion was filed in February

2018. Despite seeking extensions to respond, she failed to do so. Therefore, to the extent that she raises such arguments for the first time on appeal, they will not be considered in the first instance. *See id.*

The district court did not abuse its discretion when it denied Mischler's motion for a preliminary injunction. We review the grant or denial of a preliminary injunction for an abuse of discretion. *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 540-41 (6th Cir. 2007). Courts consider four factors in determining whether to grant a preliminary injunction, and although no single factor is controlling, the district court's finding that Mischler failed to establish a likelihood of success on the merits was fatal to her motion. *See O'Toole v. O'Connor*, 802 F.3d 783, 788 (6th Cir. 2015). Here, Governor Bevin indicated that the records for which Mischler sought protection no longer existed, and Mischler has pointed to nothing to suggest otherwise.

The district court also properly denied Mischler's request for the district court judge to recuse himself based on allegations that the judge exhibited bias. Mischler's allegations on appeal that the judge was married to one of defendant Bevin's employees and that his son worked for Bevin was insufficient to establish that the judge had exhibited any bias in light of the doctrines precluding her claims and the untimeliness of her complaint. In addition, Mischler failed to establish that the judge was unfit, and her speculation that the judge allowed a college student to write orders was insufficient to warrant recusal in this case. Finally, her allegations concerning the rulings allegedly intended to "shut down" her complaints against the CHFS do not establish bias because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Lyell v. Renico*, 470 F.3d 1177, 1186 (6th Cir. 2006).

Finally, Mischler's remaining appellate arguments are unavailing. First, the district court properly sua sponte dismissed Mischler's claims against Howard Keith Hall because "a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint." *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002). Second,

Mischler failed to establish that defendant Bevin's motion to dismiss was untimely. Finally, her allegations that a judge was stalking her on social media and that a Sixth Circuit employee had violated her rights by visiting her website do not warrant any relief.

Accordingly, we **GRANT** the motion to correct the docket, **DENY** the remaining miscellaneous motions as moot, **DENY** the requests for oral argument and the appointment of counsel, and **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

_____

Deborah S. Hunt, Clerk