

RECEIVED

MAY 2 2 2019

DEBORAH S. HUNT, Clerk

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | |
|---|---|
| AMY JERRINE MISCHLER<br>  Petitioner,<br><br>v.<br><br>MATT BEVIN, in his official capacity as<br>Governor of Kentucky, et al.,<br>  Defendants-Appellees. | ) Case No. 18-5665<br>)<br>) ON APPEAL FROM THE<br>) UNITED STATES<br>) DISTRICT COURT FOR<br>) THE EASTERN DISTRICT<br>) OF KENTUCKY<br>) |

## AMY JERRINE MISCHLER'S PETITION FOR REHEARING *EN BANC* IN NO. 18-5665

AMY JERRINE MISCHLER
PRO SE LITIGANT
1120 Palm Court
Okeechobee, Florida 34974
863-801-1877
ajmischler@yahoo.com



Original

# TABLE OF CONTENTS

INTRODUCTION AND RULE 35 STATEMENT     1

BACKGROUND: EVIDENCE OF THE RUBBER STAMPING     2

I. FOUNDATIONAL MATERIAL FACT FALSIFIED BY THE SIXTH CIRCUIT COURT OF APPEALS STAFF ATTORNEY     2

A. Defendant Matt Bevin is in default     2
B. Factual Basis of Default and notice required under Rule 55     2

II. FOUNDATIONAL DISTRICT COURT CONFLICT OF INTEREST WHITEWASHED BY STAFF ATTORNEYS; TWICE DENYING APPELLATE REVIEW     4

A. District Court had impermissible conflict of interest which constitutes criminal Obstruction of Justice.     4
B. All known conflicts of interest/lack of fitness     5
C. Dates Sixth Circuit Judges were unambiguously noticed of Van Tatenhove/Bevin/Trout impermissible conflict of interest; Staff Attorneys kept knowledge from judges.     6

III. STAFF ATTORNEYS FALSIFYING 42 USC §1983 SIXTH CIRCUIT PRECEDENT     6

IV. F.R.A.P. 35(b)(1)(B)     7

V. RUBBER STAMPING OF DECISIONS BY FEDERAL JUDGES WITHOUT KNOWLEDGE OF THE CASE VIOLATES THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

CONCLUSION

# TABLE OF AUTHORITIES

Cases

Bevin v. Stewart. 3:18-cv-00008 [EDKY]     4, 5

Cooper v. Parrish, 203 F.3d 937 (6th Circuit. 2000)     7

Dennis v. Sparks, 449 U.S. 24, 27-28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980) 7

Memphis, Tennesee Area Local, American Postal Workers Union, AF:-CIO, a.k.a
American Postal Workers Union, local 96, v. City of Memphis, Case no. 02-5694
[Sixth Circuit] decided on January 21, 2004          6, 7, 9

 Moore v. City of Paducah, 890 F.2d 831, 834 (6th Cir.1989).          7

Stewart v. Azar, 1:18-cv-00152 [DC]          4, 5

Constitution

Article II, Section 2          1, 3, 8

U.S. Constitution, Fifth Amendment          1, 3, 8

Statutes

42 USC §1983          6, 7

Federal Rules of Procedure

FCRP 12          2

FCRP 55          2, 3

F.R.A.P. 35(b)(1)(B)          6

42 USC §1983          6, 7

Other Authorities

Reforming The Federal Judiciary: My Former Court Needs To Overhaul Its Staff
Attorney Program. Judge Richard Posner     Publisher: CreateSpace Independent
Publishing Platform; 1 edition (September 7, 2017) ISBN-10: 1976014794
ISBN-13: 978-1976014796          2, 8
WORD CERTIFICATION

I certify that there are 2,718 words including footnotes.

~~Amy Mischler~~ May 21, 2019

## INTRODUCTION AND RULE 35 STATEMENT

The Petitioner is before this Court because irregularities occurring in the Federal Courts and in the State Courts which judges, their law clerks, and fulltime staff attorneys failed to correctly state material facts and address serious violations of law.

The Petitioner is entitled to Due Process under the 5th Amendment, that her pro se pleadings to be read and orders written and issued by a judicial officer appointed under the Constitution by the United States President, vetted through Congress, sworn in under oath, and presents yearly financial disclosures.

The Sixth Circuit Court of Appeals, through its policies are denying pro se litigants a duly appointed Constitutional Judicial Officer and the result are defective orders, with false facts, and false conclusions of law are being issued by anonymous Staff Attorneys who are either impaired or otherwise compromised writing dismissal orders that the Article II, Section 2 authorized Judicial Officers DO NOT READ NOR VERIFY ACCURACY. Judicial Officers are merely rubber stamping orders written by non Article II, Section 2 called "Staff Attorneys" making these Staff Attorneys De Facto Judicial Officers in violation of the U.S. Constitution.

This issue presented is one of exceptional significance because of the national and public importance of Federal Courts equally providing redress to all people, including the poor who are most likely to file pro se.

This issue is also thought to be one of first impression.

## BACKGROUND:  EVIDENCE OF THE RUBBER STAMPING[1]

## I.  FOUNDATIONAL MATERIAL FACT FALSIFIED BY THE SIXTH CIRCUIT COURT OF APPEALS STAFF ATTORNEY

A.  Defendant Matt Bevin is in default

FCRP RULE 55. Default; Default judgment (a) when a party against whom a judgment for affirmative relief is south has failed to plead or otherwise defend, and that failure is shown by affidavit or other, the clerk must enter the party's default.

FCRP RULE 12. (a)(1)(A) A Defendant must serve an answer; (i) within 21 days after being served with the summons and complaint.

*"Mischler failed to establish that defendant Bevin's motion to dismiss was untimely"*. FALSIFIED FACTUAL FINDING Case 18-5665, Document 44-2 Page 7

B. Factual Basis of Default and notice required under Rule 55.

i. October 23, 2017:  Defendant Bevin was served.[2]

ii. November 14, 2017:  Defendant Bevin's answer or motion to dismiss was due on or before 11/14/17 pursuant FCRP Rule 12.[3]  Defendant filed neither.[4]

---

[1] Judge Richard Posner in his critique that reformation is needed inside the Federal Judiciary on this issue, noted the practice of Court of Appeals rubber-stamping orders prepared by Staff Attorneys, Chapter 2, page 6, 31, 48, 55, 127, 138, 139, 153, 173, 253. See Reforming the Federal Judiciary:  My former Court needs to Overhaul Its Staff Attorney Program and Begin Televising its Oral Arguments.

[2] See Case 18-5665 [Sixth Circuit], document 43, page 9 and 10.

[3] See Case 18-5665 [Sixth Circuit], document 43, page 2 and 13 and 14.

[4] Defendant Bevin knew he would receive special favoritism of Judge Van Tatenhove because Bevin had employed Christy Trout, the former law clerk and lover of Judge Van Tatenhove.

iii. November 28, 2017: Defendant Bevin filed a motion to dismiss that was obscured in the official online docket by the Clerk of Court who failed to put his name in Docket Entry 29.[5]

iv. Ms. Mischler before 17-cv-66 [EDKY] was dismissed "show[ed] by . . . other" pursuant to Rule 55 that Bevin was in default. She knew because of the multiple conflicts of interest that Judge Van Tatenhove would refuse to recognize the default and would deny any motion she filed at the District Level. SO SHE CREATED PUBLIC RECORD OF THE RULE 55 "OTHER" IN the Sixth Circuit Court of Appeals Record. See 18-5665, document 43, page 2 on March 1, 2019.[6]

v. Judge Moore, Gilman, and Donald could not have read the pleadings of Ms. Mischler or have any familiarity with the case to sign off on falsified factual finding written by an anonymous staff attorney regarding Bevin's default. Thus, the staff attorneys are the de facto judicial officers who have not been nominated by the President nor vetted for competency, ethics, and professionalism required by Congress to be given the task of dispensing Federal Judicial Orders".[7]

---

[5] See Case 18-5665 [Sixth Circuit], document 43, page 14 at docket entry 20 dated 11/28/17 where the Clerk of the Eastern District of Kentucky left off Matt Bevin's name thus obscuring in the docket the default.

[6] The Staff Attorneys knew about the default before the dismissal; but did the staff attorneys communicate this to the judges assigned? Over reliance on staff attorneys has created a constitutional crisis in the Circuit Courts.

[7] Article II, Section 2 of the U.S. Constitution requires those individuals dispensing federal judicial orders/decisions to be nominated by the President and vetted by Congress. The practice of Judges who qualify Article II, Section 2, rubber stamping orders prepared by Staff Attorneys to bypass the Constitutional requirements is unconstitutional. Courts are denying 5th Amendment Due process protection to entire classes of people based on their poverty. First Class citizens get an Article II, Section 2 judicial officers to scrutinize and read their pleadings because they can afford an attorney. Pro Se Second Class treatment never get an Article II, Section 2 Judicial Officer to actually read their pleadings: they get a staff attorney not qualified under Article II, Section 2, to draft and issue the order whom the actual Judicial officer merely rubber stamps his or her signature on having no personal knowledge. This is identical

## II. FOUNDATIONAL DISTRICT COURT CONFLICT OF INTEREST WHITEWASHED BY STAFF ATTORNEYS; TWICE DENYING APPELLATE REVIEW

A. District Court had impermissible conflict of interest which constitutes criminal Obstruction of Justice.

i. Defendant Bevin and District Court Judge Greg Van Tatenhove withheld from litigants in multiple cases that Defendant Bevin hired Judge Greg Van Tatenhoves lover Christy Trout in political non-merit positions.

ii. In furtherance of this conflict of interest; having a perceived unfavorable Judge James Boasberg appointed by Barak Obama assigned to a politically charged lawsuit over Medicaid in Washington D.C. Knowing Judge Van Tatenhove would rule in favor of Bevin; Bevin attempted to force a transfer of 1:18-cv-00152 [DC] where Judge Boasberg was assigned to Eastern Kentucky Federal Court in case 3:18-cv-00008, where the local rules ensured that conflicted Judge Greg Van Tatenhove be automatically assigned to all cases involving Bevin.

iii. Ms. Mischler noticed Judge Boasberg of the conflict in Kentucky between Judge Van Tatenhove and Bevin. With that knowledge in hand, Judge Boasberg denied the motion to transfer 3:18-cv-00008 to the Eastern District of Kentucky.[8] See Exhibits 1 and 2.

---

to the unconstitutional practices of judges signing blank warrants without sworn actual knowledge for the issuance of the warrant.

[8] The Petitioner filed a movants motion which was denied filing in the record which noticed Judge Boasberg of the Judge Van Tatenhove/Bevin/Trout conflict of interest.

iv.  Judge Van Tatenhove dismissed 3:18-cv-00008 because Ms. Mischler had informed the opposing counsel to Bevin in that case about the conflict of interest and the refusal of Judge Boasberg to transfer DC case 1:18-cv-00152.

B.  All known conflicts of interest/lack of fitness

i.  Judge Van Tatenhove's son, Cooper Van Tatenhove holds himself out to be an employee of Bevin.

ii.  Judge Van Tatenhove's lover, a former law clerk who shared residence; Eva Christine Trout was an employee of Bevin since his administration began and until March 2019 when she resigned.[9]

(a)Trout's very good friend, Kelly Knight Craft was nominated the month (February 2019) before Trout's resignation by President Trump, to be the U.S. Ambassador to the United Nations.  Trout quietly resigned as an attempt to distance the conflict in attempt to avoid Congressional security of Craft's personal knowledge being an ethics issue at her confirmation hearing. [10]

iii.  Sewanee College published a report by Henry Cleland where Cleland states after his freshman year of college, he was allowed to *"work[ ] on and influence previous and current cases"* including been given three orders to draft for Judge Van Tatenhove, including two habeas corpus cases and criminal motion to

---

[9] Trout and Van Tatenhove only married after Ms. Mischler noticed the Sixth Circuit Court of Appeals of the Conflict of Interest in 2018.
[10] Crafts is close personal friends with both Bevin and Trout.

suppress evidence.[11] This is per se evidence of Judge Van Tatenhove's unfitness. No fit Federal Judge would allow an individual who hadn't even been admitted to law school to work as summer intern drafting legal orders and memorandum.

C. Dates Sixth Circuit Judges were unambiguously noticed of Van Tatenhove/Bevin/Trout impermissible conflict of interest; Staff Attorneys kept knowledge from judges.

i. 4/23/2018: Case 18-5249, Document 18.

ii. 3/1/2019: Case 18-5665, Document 43.

iii. It is unreasonable to believe every Sixth Circuit Judge was aware of the conflict of interest and not a single one of them voted for En Banc Review. In 18-5249.

## III. STAFF ATTORNEYS FALSIFYING 42 USC §1983 SIXTH CIRCUIT PRECEDENT

A. Falsified Staff Attorney Statement: "*defendant Stites & Harbison cannot be sued under §1983 because it is not a state actor*". See line 14, Document 44-2, page 5, case 18-5665 [Sixth Circuit].

The Sixth Circuit had held private actors can be sued under 42 USC §1983 pursuant the test found in <u>Memphis, Tennesee Area Local, American Postal Workers Union, AF:-CIO, a.k.a American Postal Workers Union, local 96, v. City of</u>

---

[11] https://careers.sewanee.edu/media/careers/internships/2014/amy/tonya-2014/Cleland,-Henry-2014-Internship-Report.pdf

<u>Memphis</u>, Case no. 02-5694 [Sixth Circuit] decided on January 21, 2004 by Judges Keith, Martin, and Sutton.

Ms. Mischler alleged conspiracy so the test in Memphis is irrelevant according to <u>Cooper v. Parrish</u>, 203 F.3d 937 (6th Circuit. 2000).[12]

**ARGUMENT**

## IV. F.R.A.P. 35(b)(1)(B)

This decision may be reheard en banc when *"the proceeding involves one or more questions of exceptional importance"*. The Petitioner is challenging the Constitutionality of the practice of Sixth Circuit Court Judges rubber stamping orders without actual knowledge of the facts thus creating De Facto Judges of Staff Attorneys who are denying Ms. Mischler redress of grievances, her First Amendment Right. Staff Attorneys ARE FALSIFYING MATERIAL FACTS at the Sixth Circuit Court of Appeals. Thus, it should be the Sixth Circuit Court of Appeals that takes up this issue first.[13]

## V. RUBBER STAMPING OF DECISIONS BY FEDERAL JUDGES WITHOUT KNOWLEDGE OF THE CASE VIOLATES THE FIFTH AMENDMENT OF THE UNITED STATES CONSTITUTION.

---

[12] <u>Cooper v. Parrish</u>, 203 F.3d 937, 952 n. 2 (6th Cir.2000) ("If a private party has conspired with state officials to violate constitutional rights, then that party qualifies as a state actor and may be held liable pursuant to § 1983 ."); <u>Moore v. City of Paducah</u>, 890 F.2d 831, 834 (6th Cir.1989) (holding that individuals who conspire with state actor to deprive individuals of their federally-protected rights may be found to have acted under color of state law for purposes of § 1983 liability). Private persons may be held liable under § 1983 if they willfully participate in joint action with state agents. <u>Dennis v. Sparks</u>, 449 U.S. 24, 27-28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). CUT AND PASTED DIRECTLY FROM <u>Memphis</u>, id.

[13] The Dan Webster quote is relevant. "You have got to clean your own house first before you tell other people that they aren't doing it right". How can the Sixth Circuit deny redress to Ms. Mischler when their own Staff Attorneys don't even know the rudimentary basics of 42 USC §1983?

A. The Fifth Amendment of the United States Constitution guarantees Ms. Mischler that she will receive procedural due process at the Sixth Circuit Court of Appeals. Until recently, she thought the decisions rendered against her were actually drafted by Judges properly nominated and vetted pursuant to Constitution requirements of Article II, Section 2.

The procedure at the Sixth Circuit Court of Appeals is to assign all Pro Se cases like Ms. Mischler to it's 32 Staff Attorneys. The staff attorney wrote a memorandum about Ms. Mischler's case that was falsified on materials facts such 1) 42 USC §1983 NOT applying to non state actors, 2) Bevin was in Default, and 3)the conflict of interest between Bevin/Judge Van Tatenhove/ Trout. Then pursuant to Sixth Circuit policy; that falsified memorandum was sent to Judges Moore, Gilman and Donald who denied Ms. Mischler relief, rubber stamping the decision on the basis of the falsified Staff Attorney memorandum.[14] Judges Moore, Gilman, and Donald had no personal knowledge to deny Ms. Mischler's relief. They rubber stamped a decision.

Rubber stamping circuit court decisions are per se unconstitutional. Rubber stamping decisions is no different than signing blank search and arrest warrants. The Constitution requires Judges to have personal knowledge sworn to them under oath

---

[14] See page 53 which explains the Sixth Circuit Court of Appeals policies of treatment of Pro Se. Reforming The Federal Judiciary: My Former Court Needs To Overhaul Its Staff Attorney Program And Begin Televising Its Oral Arguments. Judge Richard Posner.

before signing a warrant. However, Judges Moore, Gilman and Donald NEVER READ MS. MISCHLER'S PLEADINGS and then rubber stamped an order denying redress without actual knowledge of the case.[15]

## CONCLUSION

Judge Posner saw that usage of "staff attorneys" was harming the integrity of the Judicial System. The Circuit Courts ignored Judge Posner call for reformation and now we have this mess of a case. A mess, where the Sixth Circuit has falsified material undeniable facts and given it's blessing through omission to an obscene judicial conflict of interest where the Judge's lover is employed by a litigant.

Rectify this situation now or let the United States Supreme Court.[16]

Respectfully submitted this 21st day of May, 2019.

---

[15] There are so many mistakes by the Staff Attorney in Documents 44-2. The Staff Attorney claimed that Ms. Mischler said "Dr. Brenzel fraudulently investigated Ms. Mischler for false allegations of child abuse". This is not true. Dr. Brenzle did no investigation but was the child custody evaluator who used the CHFS documents against Ms. Mischler in a private child custody case. The Staff Attorney emphasizes the word "private" on page 3 as if it was ridiculous for Ms. Mischler to be outraged that the Attorney General entered case Stevens v. Stevens, a divorce action to interfere with child custody between parents. The Staff Attorney is not even competent to cut and paste correctly from pleadings and claimed that Ms. Mischler wrote that Judge Lambert bribed Judge Paxton. Yes, Judge Paxton is an entirely different judge than Judge Nichols who was bribed through the Kentucky senior judge program. The Staff Attorney made up facts not in existence such as "district court also sua sponte dismissed the complaint against defendants who were not served in their individual capacities". All but three defendants were served, but after the majority of CHFS defendants went ahead and made entry of appearances; Ms. Mischler did not send in copies of the signed summons having spent hundreds of dollars unnecessarily because the Attorney General refused to receive service for the state employees like the office had done in other cases not Ms. Mischlers. Howard Keith Hall was the only one that Ms. Mischler remembers being sua spontae dismissed. The Staff Attorney asserts private actors cannot be sued under 42 USC §1983. Of course, the Staff Attorney knows this is fake because the Sixth Circuit has a test for determining whether a private entity is subject to Sec. 1983 found in Memphis, TN Area Local America Postal Workers Union v. Memphis, 361 F.3d 898 (6th. Cir. 2004). The Staff Attorney cannot do math accurately either. The staff attorney says that Ms. Mischler's first amendment of redress is outside of the one year statute of limitations period. Ms. Mischler was denied her appeal by Deputy Feely on August 25, 2016. Since the complaint was filed on August 24, 2017; that is within the one year statute of limitations period. See Exhibits 3 and 4. Ms. Mischler alleged common law fraud which has a five year statute of limitations in her other counts.

[16] There are individuals at the Sixth Circuit Court of Appeals who have ambitions of being nominated to the United States Supreme Court. How this En Banc is handled or ignored will be noticed to Congress.

Amy Mischler
1120 Palm Court
Okeechobee, Florida 34974
863-801-1877

CERTIFICATE OF SERVICE.

I certify that on the 21st day of May 2019 hard copies were placed in the United States Mail, postage prepaid to their address of record.

Amy Mischler

# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **RONNIE MAURICE STEWART, et al.,**<br><br>Plaintiffs,<br><br>v.<br><br>**ALEX M. AZAR II, et al.,**<br><br>Defendants.[1] | Civil Action No. 1:18-cv-152 (JEB) |

## DEFENDANTS' MOTION TO TRANSFER CASE TO
## THE EASTERN DISTRICT OF KENTUCKY

Pursuant to 28 U.S.C. § 1404(a), the Defendants hereby move to transfer this action

to the United States District Court for the Eastern District of Kentucky.  The plaintiffs in

this action are sixteen residents of Kentucky who seek class certification of a proposed

state-wide class of Kentucky Medicaid enrollees.  Venue is permissible in the Eastern

District of Kentucky because all plaintiffs live in Kentucky and most reside in the Eastern

District, and the interests of justice and considerations of convenience warrant transfer to

Kentucky, which has a strong interest in adjudicating a primarily local controversy in a

local forum.  For these reasons and others set forth in the accompanying Memorandum, the

Court should transfer this matter to the Eastern District of Kentucky.

Plaintiffs have stated that they do not consent to this motion.

---

[1]  Pursuant to Fed. R. Civ. P. 25(d), Alex M. Azar II is substituted as a defendant in his official capacity as Secretary of Health and Human Services, and Timothy B. Hill is substituted as a defendant in his official capacity as Acting Director of the Center for Medicaid and CHIP Services.

Dated: February 9, 2018

Respectfully submitted,

CHAD A. READLER
Acting Assistant Attorney General

ETHAN P. DAVIS
Deputy Assistant Attorney General

JOEL McELVAIN
Assistant Branch Director
Federal Programs Branch

*/s/ Deepthy Kishore*
BRADLEY H. COHEN
DEEPTHY KISHORE (IL Bar # 6306338)
Trial Attorneys
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W.
Washington, D.C. 20530
(202) 616–4448 (telephone)

*Counsel for Defendants*

# EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY
FRANKFORT DIVISION
CASE NO. _____

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY, *ex rel.* MATTHEW G. BEVIN, GOVERNOR, | ) ) ) |
| SCOTT W. BRINKMAN, in his official capacity as Acting Secretary of the CABINET FOR HEALTH AND FAMILY SERVICES, | ) ) ) ) |
| STEPHEN P. MILLER, in his official capacity as Commissioner of the DEPARTMENT FOR MEDICAID SERVICES, | ) ) ) ) |
| Plaintiffs | ) ) ) |
| v. | ) ) |
| RONNIE MAURICE STEWART, GLASSIE MAE KASEY, LAKIN BRANHAM, SHANNA BALLINGER, DAVE KOBERSMITH, WILLIAM BENNETT, SHAWNA NICOLE McCOMAS, ALEXA HATCHER, MICHAEL WOODS, SARA WOODS, KIMBERLY WITHERS, KATELYN ALLEN, AMANDA SPEARS, DAVID ROODE, SHEILA MARLENE PENNEY, and QUENTON RADFORD | ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

The Commonwealth of Kentucky, *ex rel.* Matthew G. Bevin, Governor; Scott W.

Brinkman, in his official capacity as the Acting Secretary of the Cabinet for Health and

Family Services; and Stephen P. Miller, in his official capacity as the Commissioner of the

Department for Medicaid Services (together, the "Plaintiffs"), for their Complaint, state as follows:

## INTRODUCTION

1. Sixteen individuals, all of whom are Kentucky residents, have brought a putative class-action lawsuit in the United States District Court for the District of Columbia (the "D.C. Action"), claiming that the Commonwealth of Kentucky's Section 1115 Medicaid waiver, known as Kentucky HEALTH, violates the Social Security Act, the Administrative Procedure Act, and the United States Constitution. Although the Commonwealth of Kentucky developed Kentucky HEALTH, is currently implementing it, and will be the one enforcing it, those sixteen individuals opted *not* to sue the Commonwealth or any of its agencies or officials in the D.C. Action.

2. The Commonwealth's voice obviously must be heard on this issue. Because of the Commonwealth's unique and compelling interests in enforcing Kentucky HEALTH, Governor Bevin, Secretary Brinkman, and Commissioner Miller bring this lawsuit against the same named parties who instituted the D.C. Action seeking a judicial declaration—*this time in Kentucky and with the Commonwealth as a party*—that Kentucky HEALTH is consistent with the Social Security Act, the Administrative Procedure Act, and the United States Constitution.

## JURISDICTION & VENUE

3. The Court has subject-matter jurisdiction over this matter under 28 U.S.C. § 1331 as it arises under the Constitution and laws of the United States. This declaratory judgment action is further authorized by 28 U.S.C. §§ 2201 and 2202.

2

# EXHIBIT 3



## CABINET FOR HEALTH AND FAMILY SERVICES
## OFFICE OF THE SECRETARY

**Matthew G. Bevin**
Governor

275 East Main Street, 5W-A
Frankfort, KY 40621
502-564-7042
502-564-7091
www.chfs.ky.gov

**Vickie Yates Brown Glisson**
Secretary

August 25, 2016

Amy Mischler
1120 Palm Court
Okeechobee Florida 34974

Dear Ms. Mischler,

Thank you for your letter of August 10, 2016. It is clear from your letter that you feel aggrieved by your experiences with the Cabinet for Health and Family Services and in particular the Department for Community Based Services. I am so sorry that you have not had more positive encounters with the Cabinet. This administration strongly believes in and advocates for the Cabinet to provide all Kentuckians with services in a cooperative and professional environment.

I understand you have made several open records requests over the years to which the Cabinet has responded. Most recently on February 11, 2016 Joshua Gaddie sent a letter to you identifying fifty-three (53) pages of records which were responsive to your open records request. However, it's my understanding you have not paid the required postage to receive those records.

In your letter you state that the Cabinet's legal department will not issue a disavowal of substantiations against you. On February 15, 2016 David Lovely of the Office of Legal Services sent a letter to you specifically assuring you that you have no current substantiations with the Cabinet.

Additionally, I understand you filed an open records request on August 18, 2016 and David Lovely has issued a response to you on August 24, 2016.

Regarding the other complaints in your letter, I cannot undo what you believe was an improper handling of your case from many years ago. I can assure you however that moving forward, if you have any further involvement with this Cabinet you will be provided with quality services in a professional manner, as we strive to do with each person with whom we interact. I wish you the best.

Sincerely,

*by vocal authority from Judge Feeley*

Judge Timothy Feeley
Deputy Secretary



An Equal Opportunity Employer M/F/D

# EXHIBIT 4



## CABINET FOR HEALTH AND FAMILY SERVICES
### OFFICE OF LEGAL SERVICES

**Matthew G. Bevin**
Governor

275 E. Main Street, 5W-B
Frankfort, KY 40621
(502) 564-7905
Fax: (502) 564-7573
www.chfs.ky.gov

**Vickie Yates Brown Glisson**
Secretary

August 24, 2016

Amy Mischler
1120 Palm Court
Okeechobee, FL 34974

Dear Ms. Mischler:

This letter is in response to your open records request on August 18, 2016 and shall constitute a Department response in pursuant to KRS 61.870. You requested:

1. ID intake numbers for referrals about me for the dates of 4-20-2006 and 5-25-2006.
2. Copies of due process notices of substantiations of child abuse against me, for 4-20-2006, 5-25-2006, 10-17-2006, 10-18-2006 and December 2006. These are all multiple dates in the records which state I was substantiated.
3. INV-1 for Amy Mischler. I have INV-2 and INV-3 but I have never been given a copy of INV-1 though requested. INV-1 must exist.
4. The documents showing the dates my name was taken out of the CAN database.
5. Documents showing that all my Cabinet records showed that my name was taken out of the CAN database.

The request has been reviewed and the Cabinet provides you with the following information. In regard to subpart 1, intake ID #690095 was received on August 19, 2002 but did not meet criteria. Intake ID #656903 was received on August 19, 2002 but did not meet criteria. These were both related to same incident. One was CPS and one was APS – DV petition. Intake ID #690096 was received on April 20, 2006 but was not accepted until October 19, 2006. Intake ID #690097 was received on May 25, 2006 but was not accepted until October 19, 2006. Intake ID #656905 was received on June 11, 2007 and determined to be a Resource Linkage (did not meet criteria). Intake ID #656908 was received on December 2, 2008 and determined to be a Resource Linkage (did not meet criteria). Intake ID #656909 was received on May 7, 2013 and determined to be a Resource Linkage (did not meet criteria). Intake ID #2221671 was received on January 8, 2016 and did not meet acceptance criteria. Intake ID #2223224 was received on January 11, 2016 and did not meet acceptance criteria.

The Worker Information System (TWIST) was the system used to document all case work, both investigative and ongoing. Intake ID numbers were not used in TWIST. Referrals were accepted and numbered (INV - 1, 2, 3, etc.). In January 2014, all information was migrated from



TWIST to i-TWIST. Intake ID numbers were assigned to each referral contained in TWIST. Thus, the intake ID #s for your case were in consecutive order.

As stated in a letter sent to you on February 15, 2016, and in regard to subpart 2, the Department of Community Based Services (DCBS) only shows two substantiations ever existed against you and both those substantiations have since been unsubstantiated. The Cabinet does not have any other substantiation records. Therefore it possesses no records of the additional substantiations that you request. The only documentation the Cabinet can provide is your entire printed history, which is again included with this letter as it was included with the February 15th letter, entitled Individual Face Summary Sheet. No other substantiations exist.

To reiterate from the February 15th letter, please take note that at the very bottom of the attached Individual Face Summary Sheet, which refers to an "ongoing" case that started in 2002. In order to further assure you that this is not, in fact, an ongoing case I followed up with the local office who confirmed that the 2002 resource linkage referenced as ongoing was closed eight days after the resource linkage was received, on August 27, 2002. Please see the attached email correspondence. In any event a resource linkage is different than an investigation into a potential substantiation. A resource linkage represents a referral of some kind that did not meet the criteria to open an investigation.

In regard to subpart 3 the Cabinet has no record of INV-1. The Cabinet cannot produce records that do not exist. *See Bowling v. Lexington-Fayette Urban County Government*, 172 S.W. 3rd 333, 341 (Ky. 2005); see also 07-ORD-188; 12-ORD-087.

In regard to subparts 4 and 5, stated in a previous letter to you dated February 2, 2016, the Cabinet does not issue notices that an individual has been removed from the Child Abuse and Neglect database. If a person is alleged to have committed child abuse or neglect then the accused has a due process right to challenge that allegation. If the challenge of the child abuse or neglect allegation is successful and the allegation becomes unsubstantiated or the allegation is unsubstantiated for any other reason, the person will simply be removed from the Child Abuse and Neglect database.

If you have any questions please contact David Lovely at (502) 564-7905 ext. 3444, or davidt.lovely@ky.gov . You may also contact Tricia Orme (assistant) at (502) 564-7905 ext. 3421, or tricia.orme@ky.gov. Should you disagree with this decision, you may seek review by the Attorney General in accordance with KRS 61.880. Thank you.

Sincerely,

David T. Lovely

# EXHIBIT 5

**<u>NOT RECOMMENDED FOR FULL-TEXT PUBLICATION</u>**

No. 18-5665

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
May 08, 2019
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| AMY JERRINE MISCHLER, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| MATT BEVIN, in his official capacity as Governor | ) | THE EASTERN DISTRICT OF |
| of Kentucky, et al., | ) | KENTUCKY |
| | ) | |
| Defendants-Appellees. | ) | |

O R D E R

Before: MOORE, GILMAN, and DONALD, Circuit Judges.

Amy Jerrine Mischler, a pro se Florida resident, appeals a district court judgment dismissing her civil complaint filed under 42 U.S.C. § 1983 and Kentucky law. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In August 2017, Mischler filed a lawsuit stemming from the events and proceedings surrounding her prior divorce and custody battle that ended in 2009. We have affirmed the dismissal of her prior lawsuits against various defendants, including her ex-husband and state court judges, in which Mischler challenged the alleged denial of her parental rights. *Mischler v. Stevens*, Nos. 16-6184/6185 (6th Cir. May 16, 2017) (order); *Mischler v. Stevens*, No. 14-5567 (6th Cir. Sept. 9, 2015) (order).

No. 18-5665
- 2 -

In the current complaint, Mischler sued:  Kentucky Governor Matt Bevin, in his official capacity; Attorney General Andy Beshear, in his official capacity, and assistant Attorneys General Jeffrey Prather and Craig Newborn, in their individual and official capacities (though she never completed service on them in their individual capacities); Pike County Attorney Howard Keith Hall, in his individual and official capacities; Judges Julie Paxton, Joseph Lambert, John David Preston, Janie Wells, and Lewis Nicholls, in their official capacities; Kentucky Cabinet for Health and Family Services ("CHFS") employees Timothy Feeley, Susan Howard, Debra Wilcox-LeMaster, Mike Hartlage, Mona Womack, Debbie Dile, Zack Ousley, David Adam, and Emily Gray-Jones, in their individual and official capacities (though she never completed service on them in their individual capacities); Kentucky social workers Kathy Larder, Deborah Webb, Shereen Hamilton-Sperlock, LaToya Jones, Wilma Taylor, and Gwen Hatfield, in their individual and official capacities; Doctor Sally Brenzel; the law firm of Stites & Harbison, which represented several of the judicial defendants in prior lawsuits; and Selena Woody Stevens, in her individual capacity.

The allegations of Mischler's complaint fell into four groups.  First, she alleged that the defendants violated the Fourth Amendment and Kentucky law when the CHFS, social workers, and Dr. Brenzel fraudulently investigated her for false allegations of child abuse and then knowingly prepared documents containing such false statements.  Second, she maintained that the defendants fraudulently submitted records containing false statements about Mischler that were relied upon by a child-custody evaluator and a judge to deny her custody of her children; Dr. Brenzel reported that Mischler was mentally ill because she had challenged the accuracy of the CHFS records; and Hamilton-Sperlock acted under a conflict of interest because she was friends with Mischler's ex-husband.  Third, Mischler alleged that Judge Paxton denied Mischler's parental rights despite not having jurisdiction during the child-custody proceeding; the judicial defendants participated in CHFS's fraudulent conduct by using the "child protective systems" against her; and the judicial defendants failed to address Judge Paxton's lack of jurisdiction over the child-custody proceeding.  She further asserted that the Office of the Attorney General ("OAG") defendants

No. 18-5665
- 3 -

obstructed justice by participating in Mischler's "private" custody case; Judge Lambert bribed Judge Paxton to deny Mischler's parental rights in exchange for not having to work the required hours set forth in the "senior judge program"; Judge Minton was aware of the bribe but took no action to restore Mischler's parental rights; and Stites & Harbison committed a felony when it profited from representing the judges in her prior lawsuits. Finally, Mischler alleged that Governor Bevin failed to protect her First Amendment right to seek redress against the CHFS after defendant Feeley declined to investigate her fraud allegations. Mischler also moved for an injunction seeking an order requiring Governor Bevin to investigate the use of tax dollars to pay Stites & Harbison to represent the judicial defendants and to ensure the removal of all allegedly false statements about Mischler contained in the CHFS records. She also filed an emergency motion for a preliminary injunction seeking an order requiring Governor Bevin to prevent the CHFS from destroying records in her case.

Several of the defendants moved to dismiss Mischler's complaint, and others moved for sanctions to be imposed against Mischler and for the court to impose filing restrictions on her. Mischler filed a motion requesting the district court judge to recuse himself as allegedly biased and unfit for service because his son was employed by Governor Bevin, the judge allegedly allowed a nineteen-year-old college freshman to prepare orders in federal cases, he allegedly applied rules in her case that are applicable only to county judges, and he attempted to "shut down" her complaints against the CHFS. The district court denied the motion, concluding that Mischler's allegations were based only on challenges to the court's previous rulings in her case. We dismissed Mischler's appeal from that denial as taken from a non-appealable order. *Mischler v. Bevin*, 887 F.3d 271, 271-72 (6th Cir. 2018) (order).

After we dismissed Mischler's interlocutory appeal, the case was transferred from Judge Van Tatenhove to Judge Reeves. In accordance with an order entered earlier by Judge Van Tatenhove, Judge Reeves entered a judgment that: (1) denied Mischler's motion for a preliminary injunction because she failed to establish a likelihood of success on the merits; (2) dismissed the official-capacity claims against Bevin, the CHFS defendants, Beshear, Prather, and Newborn

No. 18-5665
- 4 -

because they were entitled to sovereign immunity; (3) dismissed the claims against the OAG defendants because Mischler filed her complaint beyond the applicable one-year statute of limitations; (4) dismissed the state-fraud claims against Brenzel, Stevens, and the CHFS defendants because Mischler filed her complaint beyond the applicable five-year statute of limitations; (5) dismissed the Fourth Amendment/Fraud claims because Mischler filed her complaint beyond the applicable one-year statute of limitations; (6) dismissed Mischler's claims against the judicial defendants because they were entitled to absolute judicial immunity and because Mischler filed her complaint beyond the applicable one-year statute of limitations; (7) dismissed the claims against Stites & Harbison because the firm did not qualify as a state actor; and (8) denied Mischler injunctive relief against Bevin because she failed to state a claim upon which relief could be granted. The district court also sua sponte dismissed the complaint against defendants who were not served in their individual capacities, including Howard Keith Hall. Finally, the district court granted the motion seeking filing restrictions against Mischler.

On appeal, Mischler reasserts many of the claims that she raised against the defendants in her complaint. She also reasserts her allegation that the CHFS employees have improperly destroyed records related to her child-custody case. In addition, Mischler reasserts her request that Judge Van Tatenhove be recused from her case, but she now adds that he failed to divulge that he is married to one of Governor Bevin's employees and that he and his wife have taken trips at the taxpayers' expense. She also requests relief based on new allegations that:   (a) Judge Karen Caldwell is stalking her on social media; and (2) an unidentified employee of the Sixth Circuit Court of Appeals has done social-media research on her by visiting her website. Finally, she moves for the appointment of counsel, for orders requiring defendants Bevin and Beshear to produce various documents, for an order holding Stites & Harbison to be held in contempt, for the court to make a factual finding that various defendants "defaulted on answering," and for a correction of the docket to reflect that she has requested oral argument.

Mischler has effectively abandoned her claims because she does not assert any challenge to the district court's bases for dismissing her complaint. Although pro se filings are to be liberally

No. 18-5665
- 5 -

construed, *see Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004), pro se litigants must attempt to develop arguments regarding the issues raised in their appellate briefs in order to preserve those issues for appeal, *see Coleman v. Shoney's, Inc.*, 79 F. App'x 155, 156-57 (6th Cir. 2003) (concluding that the pro se appellants had abandoned their appeal because they had not "adequately briefed any appellate issue"). "[I]issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *United States v. Layne*, 192 F.3d 556, 566 (6th Cir. 1999) (internal quotation marks omitted). Because Mischler's appellate brief does not directly address the legal grounds on which the district court dismissed her complaint, she has waived appellate review of the district court's judgment. *See O'Hara v. Brigano*, 499 F.3d 492, 498 (6th Cir. 2007).

Although Mischler reasserts the factual allegations supporting her claims, she does not directly challenge the district court's conclusions that: she was not entitled to a preliminary injunction to prevent the CHFS records from being destroyed because the records no longer exist; defendant Stites & Harbison cannot be sued under § 1983 because it is not a state actor; her claims against the remaining defendants are barred by Eleventh Amendment immunity and/or are untimely under the applicable statutes of limitations; and her claim that the judicial defendants engaged in a conspiracy to cover up Judge Lambert's alleged bribery of Judge Paxton was not pleaded with sufficient specificity to state a claim for relief. In addition, to the extent that Mischler has asserted new allegations against the defendants concerning asserted conspiracies between the Attorney General's Office and judges to cover up alleged judicial misconduct, we will not consider those claims in the first instance on appeal. *See Vance v. Wade*, 546 F.3d 774, 781 (6th Cir. 2008).

Furthermore, although Mischler does not directly argue on appeal that the district court erred when it determined that her claims were untimely, she does allege facts indicating that any applicable statutes of limitations were tolled by the doctrine of "continuing violations." Mischler had several months to assert such arguments in response to the defendants' various motions to dismiss, in which they asserted defenses based on the applicable statutes of limitations—the first motion to dismiss was filed in November 2017 and the last such motion was filed in February

No. 18-5665
- 6 -

2018. Despite seeking extensions to respond, she failed to do so. Therefore, to the extent that she raises such arguments for the first time on appeal, they will not be considered in the first instance. *See id.*

The district court did not abuse its discretion when it denied Mischler's motion for a preliminary injunction. We review the grant or denial of a preliminary injunction for an abuse of discretion. *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 540-41 (6th Cir. 2007). Courts consider four factors in determining whether to grant a preliminary injunction, and although no single factor is controlling, the district court's finding that Mischler failed to establish a likelihood of success on the merits was fatal to her motion. *See O'Toole v. O'Connor*, 802 F.3d 783, 788 (6th Cir. 2015). Here, Governor Bevin indicated that the records for which Mischler sought protection no longer existed, and Mischler has pointed to nothing to suggest otherwise.

The district court also properly denied Mischler's request for the district court judge to recuse himself based on allegations that the judge exhibited bias. Mischler's allegations on appeal that the judge was married to one of defendant Bevin's employees and that his son worked for Bevin was insufficient to establish that the judge had exhibited any bias in light of the doctrines precluding her claims and the untimeliness of her complaint. In addition, Mischler failed to establish that the judge was unfit, and her speculation that the judge allowed a college student to write orders was insufficient to warrant recusal in this case. Finally, her allegations concerning the rulings allegedly intended to "shut down" her complaints against the CHFS do not establish bias because "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *See Liteky v. United States*, 510 U.S. 540, 555 (1994); *see also Lyell v. Renico*, 470 F.3d 1177, 1186 (6th Cir. 2006).

Finally, Mischler's remaining appellate arguments are unavailing. First, the district court properly sua sponte dismissed Mischler's claims against Howard Keith Hall because "a meritorious affirmative defense based upon the applicable statute of limitations is obvious from the face of the complaint." *Castillo v. Grogan*, 52 F. App'x 750, 751 (6th Cir. 2002). Second,

No. 18-5665
- 7 -

Mischler failed to establish that defendant Bevin's motion to dismiss was untimely. Finally, her allegations that a judge was stalking her on social media and that a Sixth Circuit employee had violated her rights by visiting her website do not warrant any relief.

Accordingly, we **GRANT** the motion to correct the docket, **DENY** the remaining miscellaneous motions as moot, **DENY** the requests for oral argument and the appointment of counsel, and **AFFIRM** the district court's judgment.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk

